1  CHRISTOPHER GONZALEZ ESQ. (CA SBN 174455)
2  A. BRUCE BOWDEN, ESQ. (PA SBN 01159)
       (*pro hac vice pending*)
3  IVAN POSEY, ESQ. (CA SBN 196386)
4  LEECH TISHMAN FUSCALDO & LAMPL, INC.
   A PROFESSIONAL CORPORATION
5  200 South Los Robles Avenue
6  Suite 210
   Pasadena, CA 91101
7  TELEPHONE NO.: (626) 796-4000
   FACSIMILE NO.: (626) 795-6321
8
9  ATTORNEYS FOR PLAINTIFF
10 *Sport Lisboa e Benfica - Futebol SAD*

11

12 **IN THE UNITED STATES DISTRICT COURT**

13 **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

14

15 SPORT LISBOA E BENFICA - FUTEBOL SAD,

16 PLAINTIFF,

17 VS.

18

19 JOHN DOE 1, AN UNKNOWN
20 PERSON OR ENTITY, AUTOMATTIC INC., A DELAWARE
21 CORPORATION, CLOUDFLARE, INC., A DELAWARE
22 CORPORATION, REALISTIC
23 GROUP, LLC, AN ENTITY, FORM UNKNOWN, REGTIME LTD., AN
24 ENTITY, FORM UNKNOWN; MARKMONITOR INC., A
25 DELAWARE CORPORATION, GOOGLE LLC, A DELAWARE
26 LIMITED LIABILITY COMPANY, FRANTECH SOLUTIONS, AN
27
28

Civil Action No. 18-cv-2978

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**
1. **VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. § 1030)**
2. **VIOLATION OF THE STORED COMMUNICATIONS ACT (18 U.S.C. §§ 2701 ET SEQ.)**
3. **UNAUTHORIZED ACCESS TO COMPUTERS, COMPUTER SYSTEMS AND COMPUTER DATA (CAL. PENAL CODE § 502)**
4. **UNIFORM TRADE SECRETS ACT (CAL. CIV. CODE § 3426, ET SEQ.)**
5. **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**
6. **NEGLIGENT INTERFERENCE**

-1-
**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

| | |
|---|---|
| ENTITY, FORM UNKNOWN, AND DOES 2-100, INCLUSIVE,<br><br>DEFENDANTS. | **WITH PROSPECTIVE ECONOMIC ADVANTAGE**<br>7. **UNFAIR COMPETITION - CAL. BUS. & PROF. CODE § 17200**<br>8. **CONVERSION**<br>9. **TRESPASS TO CHATTELS**<br>10.**UNJUST ENRICHMENT/RESTITUTION**<br>11.**CIVIL CONSPIRACY**<br>12.**AIDING AND ABETTING**<br>13.**DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff, SPORT LISBOA E BENFICA - FUTEBOL SAD, ("Plaintiff"), and hereby brings this Complaint against Defendants, JOHN DOE 1, AN UNKNOWN PERSON OR ENTITY, AUTOMATTIC INC., A DELAWARE CORPORATION, CLOUDFLARE, INC., A DELAWARE CORPORATION, REALISTIC GROUP, LLC, AN ENTITY, FORM UNKNOWN, REGTIME LTD., AN ENTITY, FORM UNKNOWN, MARKMONITOR INC., A DELAWARE CORPORATION, GOOGLE LLC, A DELAWARE LIMITED LIABILITY COMPANY, FRANTECH SOLUTIONS, AN ENTITY, FORM UNKNOWN, AND DOES 2-20, INCLUSIVE, (collectively, "Defendants"), and alleges as follows:

Each and every of the allegations of this Complaint, stated on information and belief, either do or are likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery

## NATURE OF THE ACTION

1.      Sport Lisboa e Benfica, commonly known as "Benfica," is a Portuguese multisports club based in Lisbon, Portugal, which is best known for the Plaintiff, its professional football team (commonly called "soccer" in the United States) playing in the Primeira Liga, the top flight of Portuguese football.   Plaintiff is the current

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Portuguese champion, having won four consecutive league titles.  In its sports and business dealings Plaintiff maintains sensitive, proprietary, private, confidential and privileged communications, data, information and documents within its protected computer network.

2.      This is a civil action for injunctive relief and damages arising under The Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Stored Communications Act, 18 U.S.C. §§ 2701 et seq. among other state and federal statutory and common law causes of action, as set forth below in more detail.  As alleged more fully below, Defendants, acting in concert, planned, organized, financed, and executed multiple hackings of Plaintiff's protected computer network, and the unauthorized and unlawful removal of content from Plaintiff's protected computer network.  Namely, Defendants stole Plaintiff sensitive, proprietary, private, confidential and privileged communications, data, information and documents located within Plaintiff's protected computer network (the "Stolen Materials").

3.      Plaintiff is informed and believes and, based upon such information and belief alleges, that after stealing the Stolen Materials, Defendants, without Plaintiff's authorization, uploaded the Stolen Materials onto the Internet on multiple webpages within multiple websites owned and/or controlled by Defendants.

## PARTIES

4.      Plaintiff, SPORT LISBOA E BENFICA - FUTEBOL SOCIEDADE ANÓNIMA DESPORTIVA, is a Portuguese public limited company, which owns and operates a website doing business on the Internet, including within this jurisdiction.

5.      Plaintiff is informed and believes and, based upon such information and belief alleges, that Defendant JOHN DOE 1, an unknown person or entity ("Hacker"), individually and/or jointly with Defendants, acting in concert, planned, organized, financed, and executed multiple hackings of Plaintiff's protected computer network, and the unauthorized and unlawful removal of the content from Plaintiff's protected computer network.  Hacker, individually and/or jointly with Defendants, stole the

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Stolen Materials.  Plaintiff is informed and believes and, based upon such information and belief alleges, that after stealing the Stolen Materials, Hacker, without Plaintiff's authorization, uploaded the Stolen Materials onto the Internet on multiple webpages within multiple websites owned and/or controlled by Defendants.

6.     Plaintiff is informed and believes and, based upon such information and belief alleges, that Defendant AUTOMATTIC INC. ("Defendant Automattic") is a Delaware corporation licensed to do and is doing business in California, with a principal place of business located at 2 Embarcadero Center, 8th Floor, San Francisco, California.  Plaintiff is informed and believes and, based upon such information and belief alleges, that Defendant Automattic owns and/or hosts the website located at the universal resource locator ("URL") https://www.wordpress.com in this jurisdiction.

7.     Plaintiff is informed and believes and, based upon such information and belief alleges, that Defendant CLOUDFLARE, INC. ("Defendant CloudFlare") is a Delaware corporation licensed to do and is doing business in California, with a principal place of business located at 101 Townsend, San Francisco, California. Plaintiff is informed and believes and, based upon such information and belief alleges, that Defendant CloudFlare owns and/or hosts the website located at the URL http://www.rgho.st in this jurisdiction.

8.     Plaintiff is informed and believes and, based upon such information and belief alleges, that Defendant REALISTIC GROUP, LLC ("Defendant RG"), is an entity, form unknown, doing business on the Internet through its website located at the URL http://www.rgho.st in this jurisdiction.

9.     Plaintiff is informed and believes and, based upon such information and belief alleges, that Defendant REGTIME LTD. ("Defendant Regtime"), is an entity, form unknown, doing business on the Internet through its website located at the URL http://www.rgho.st in this jurisdiction.

10.     Plaintiff is informed and believes and, based upon such information and belief alleges, that Defendant MARKMONITOR INC. ("Defendant MarkMonitor") is a

Delaware corporation doing business in California, with a principal place of business located at 50 California St., Suite 200, San Francisco, California. Plaintiff is informed and believes and, based upon such information and belief alleges, that Defendant MarkMonitor owns and/or hosts the website located at the URL http://www.blogspot.pt in this jurisdiction.

11.    Plaintiff is informed and believes and, based upon such information and belief alleges, that Defendant GOOGLE LLC ("Defendant Google") is a Delaware limited liability company licensed to do and is doing business in California, with a principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California. Plaintiff is informed and believes and, based upon such information and belief alleges, that Defendant Google owns and/or hosts the website located at the URL http://www.blogspot.pt in this jurisdiction.

12.    Plaintiff is informed and believes and, based upon such information and belief alleges, that Defendant FRANTECH SOLUTIONS ("Defendant FranTech"), is an entity, form unknown, doing business on the Internet in this jurisdiction.

13.    Defendants DOES 2 through 100, inclusive, are sued herein under fictitious names; the true names and capacities are unknown to Plaintiff. When the true names and capacities are ascertained, Plaintiff will amend this pleading by inserting the true names and capacities herein.

14.    Plaintiff is informed and believes and, based upon such information and belief alleges, that in engaging in the wrongful acts alleged in this Complaint, Defendants acted in concert and in conspiracy with one another and/or other persons or entities, whose identities and locations are presently unknown to Plaintiff and its counsel. Once the identities and locations of such persons and entities are ascertained by Plaintiff, Plaintiff will amend this pleading to add such persons and/or entities as named defendants in this action.

15.    Plaintiff is informed and believes and, based upon such information and belief alleges, that each of the fictitiously named defendants, at all times relevant to this

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1  action was acting within the course and scope of his/her/its agency with defendants.

2  Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously

3  named defendants is responsible in some manner for the occurrences herein alleged and

4  that Plaintiff's damages were proximately caused by those defendants.

5  16.  Plaintiff is informed and believes and, based upon such information and

6  belief alleges, that Defendants, and each of them, sued herein was the agent, employee,

7  officer or servant of each of the remaining Defendants, and each of them, and in doing

8  the actions and in carrying on the activities described below was acting within the

9  course and scope of said agency, employment, position or servitude.

10  17.  At all times mentioned, each of the Defendants, including DOES 1 through

11  20, were the alter egos of each other, such that at all times were acting in a manner

12  where such other Defendants, and each of them to one another, were ratifying and

13  approving the actions of their remaining Defendants.

14  ## JURISDICTION AND VENUE

15  18.  This Court has jurisdiction over the subject matter of this action pursuant

16  to 28 U.S.C. § 1331, as the action arises under the laws of the United States.

17  19.  This Court has personal jurisdiction over the Defendants as a result of the

18  Defendants' unauthorized access into, and misappropriation of information from, a

19  "protected computer" as defined in 18 U.S.C. § 1030(e)(2)(B) which is used in and

20  affects interstate or foreign commerce and communication, and as a result of

21  Defendant's intentional and wrongful conduct purposefully directed at and causing

22  injurious effect in the United States, including in the this district of California.

23  20.  In the alternative, the Court has personal jurisdiction over the Defendants

24  pursuant to Fed. R. Civ. P. 4(k)(2).

25  21.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

26  ## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

27  22.  Plaintiff repeats and reincorporates paragraphs 1 through 21, inclusive, as

28  if set forth herein at length.

-6-

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

23.     Plaintiff is informed and believes and, based upon such information and belief alleges, that in or about 2017 and continuing into 2018 (exact dates unknown), Plaintiff learned of unauthorized public postings of certain portions of the Stolen Materials on the Internet, and thus became aware that it had been the victim of computer hackings.  The hackings included obtaining access without authorization to Plaintiff's protected computers used by Plaintiff to conduct its business.

24.     Plaintiff is informed and believes and, based upon such information and belief alleges, that Defendants, acting in concert and in conspiracy with other presently unknown persons or entities, planned, organized, financed, and executed the hackings, and thereby obtained the Stolen Materials.

25.     Plaintiff is informed and believes and, based upon such information and belief alleges, that Defendants perpetrated a series of such hackings over an unknown period of time.

26.     Plaintiff is informed and believes and, based upon such information and belief alleges, that in a series of uploads over an unknown period of time, Defendants and/or one or more of their co-conspirators uploaded onto the Internet misappropriated information and documents from among the Stolen Materials.  Most, if not all, of the Stolen Materials were previously unknown to the public and contain sensitive, proprietary, and highly confidential documents and communications.

27.     Some of the Stolen Materials were uploaded onto webpages within the website located at the URL https://www.wordpress.com, a website Plaintiff is informed and believes and, based upon such information and belief alleges, is owned and/or maintained by Defendant Automattic.

28.     Some of the Stolen Materials were uploaded onto webpages within the website located at the URL https://www.rgho.st, a website Plaintiff is informed and believes and, based upon such information and belief alleges, is owned and/or maintained by Defendant CloudFlare.

-7-
**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

29.     Some of the Stolen Materials were uploaded onto webpages within the website located at the URL https://www.rgho.st, a website Plaintiff is informed and believes and, based upon such information and belief alleges is owned and/or maintained by Defendant RG.

30.     Some of the Stolen Materials were uploaded onto webpages within the website located at the URL https://www.rgho.st, a website Plaintiff is informed and believes and, based upon such information and belief alleges is owned and/or maintained by Defendant Regtime.

31.     Some of the Stolen Materials were uploaded onto webpages within the website located at the URL https://www.blogspot.pt, a website Plaintiff is informed and believes and, based upon such information and belief alleges is owned and/or maintained by Defendant MarkMonitor.

32.     Some of the Stolen Materials were uploaded onto webpages within the website located at the URL https://www.blogspot.pt, a website Plaintiff is informed and believes and, based upon such information and belief alleges is owned and/or maintained by Defendant Google.

33.     Some of the Stolen Materials were uploaded onto webpages within the website located at the Internet Protocol address 198.251.84.79 and Plaintiff is informed and believes and, based upon such information and belief alleges, that it is owned and/or maintained by Defendant FranTech.

34.     Given the protected nature and location of the Stolen Materials (i.e., on Plaintiff's protected computers), it would be extremely unlikely, if not impossible, for someone who is not a hacker or working directly with a hacker to have somehow independently collated the Stolen Materials and catalogued such on the Internet. Plaintiff is informed and believes and, based upon such information and belief alleges, that Hacker uploaded the Stolen Materials onto the Internet individually and/or with one or more of his/her/its co-conspirators.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

35.     Prior to filing this Complaint, in a good faith effort to resolve the matters listed herein and to attempt to secure the identity of the Defendant Hacker, Plaintiff contacted Defendants to secure such information and further requested the removal of the Stolen Materials from the Defendants' respective webpages.  Defendants refused to provide the identity of the Defendant Hacker and refused to remove the Stolen Materials from the Defendants' webpages.

**FIRST CAUSE OF ACTION FOR**

**Violation of The Computer Fraud and Abuse Act (18 U.S.C. § 1030)**

**(Against All Defendants)**

36.     Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1-35, above, as though fully set forth.

37.     Defendant Hacker and his/her/its co-conspirators, including but not limited the other Defendants, violated The Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C), by intentionally accessing protected computers without authorization, and by obtaining the Stolen Materials from such protected computers.

38.     Defendant Hacker and his/her/its co-conspirators, including but not limited the other Defendants, violated The Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(5)(B), by intentionally accessing protected computers without authorization, and as a result of such conduct, recklessly causing damage to Plaintiff.

39.     Defendant Hacker and his/her/its co-conspirators, including but not limited the other Defendants, violated The Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(5)(C), by intentionally accessing protected computers without authorization, and as a result of such conduct, causing damage and loss to Plaintiff.

40.     Plaintiff is informed and believes and, based upon such information and belief alleges, that Defendant Hacker and the other, currently unknown, persons and entities acted jointly and in concert with one another, including but not limited the other Defendants.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

41.     18 U.S.C. § 1030(g) of the Computer Fraud and Abuse Act provides that any "person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief."  Pursuant to 18 U.S.C. §§ 1030(g), (a)(2)(C), and (c)(4)(A)(i)(I) of the Computer Fraud and Abuse Act, a civil action may be brought if the conduct involves a loss during any one-year period aggregating at least $5,000 in value.

42.     As a proximate result of the violations of the Computer Fraud and Abuse Act by Defendant Hacker and his/her/its co-conspirators, Plaintiff has suffered damage and loss in excess of $5,000 within a one-year period, consisting of expenses (not including attorneys' fees) to investigate the hackings and to control and remediate the damage Defendant Hacker and his/her/its co-conspirators, including but not limited the other Defendants, caused.

43.     Plaintiff has suffered and continues to suffer damage and loss by reason of Defendant Hacker's and his/her/its co-conspirators', including but not limited the other Defendants', wrongful conduct.

44.     Plaintiff has been and continues to be irreparably harmed by the ongoing use and dissemination of documents from among the Stolen Materials.

45.     As a proximate result of these violations, Plaintiff has suffered damage and loss in an amount to be proven at trial, and, absent injunctive relief, faces likely irreparable harm.

46.     Under 18 U.S.C. § 1030(g) of the Computer Fraud and Abuse Act, Plaintiff is entitled to an award of compensatory damages and injunctive and equitable relief.

47.     Defendant Hacker and his/her/its co-conspirators, including but not limited the other Defendants, are not entitled to benefit from their own wrongdoing by further disclosing, disseminating, posting, displaying, sharing, distributing, hosting, copying,

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

viewing, accessing, providing access to or making available to anyone any documents from among the Stolen Materials.

48.     This Court should therefore enjoin any further use, disclosure, dissemination, posting, display, sharing, distribution, hosting, copying, viewing, accessing, provision of access to or making available to anyone, in any manner whatsoever, any of the Stolen Materials.

49.     This Court should order the disabling of all websites publicly displaying the Stolen Materials.

50.     This Court should also order the deletion of all Internet posts that contain or reference any documents from among the Stolen Materials, and the deletion of hyperlinks to files that contain or reference any documents from among the Stolen Materials.

## SECOND CAUSE OF ACTION

### Violation of The Stored Communications Act (18 U.S.C. §§ 2701 et seq.)

### (Against All Defendants)

51.     Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1-50, above, as though fully set forth.

52.     Defendant Hacker and his/her/its co-conspirators, including but not limited the other Defendants, violated 18 U.S.C. § 2701(a)(1) of the Stored Communications Act by knowingly and intentionally accessing without authorization a facility through which an electronic communication service is provided and thereby obtaining documents from among the Stolen Materials that included wire or electronic communications, while such communications were in electronic storage in such system.

53.     Defendant Hacker and his/her/its co-conspirators, including but not limited the other Defendants, knowingly and intentionally accessed without authorization the Stolen Materials.  To access the Stolen Materials, Defendant Hacker and his/her/its co-conspirators accessed Plaintiff's computer(s) and then posted the Stolen Materials on Internet service providers' computer(s), including but not limited to Defendant

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Automattic, Defendant MarkMonitor, Defendant Google, Defendant CloudFlare and/or Defendant FranTech, each of which is a "facility" within the meaning of 18 U.S.C. § 2701(a)(1) of the Stored Communications Act.  Defendant Hacker and his/her/its co-conspirators had no authorization to access any of such computer(s) or any of the Stolen Materials.

54.    The Stolen Materials obtained by Defendant Hacker and his/her/its co-conspirators were in electronic storage in the above-mentioned servers, among others, at the time Defendant Hacker and his/her/its co-conspirators accessed them without authorization.

55.    The actions of Defendant Hacker and his/her/its co-conspirators violated the Stored Communications Act and were willful and intentional.  Defendant Hacker and his/her/its co-conspirators, despite knowing that their access to the above-mentioned servers were not authorized, continued over a period of months to repeatedly access and obtain electronic documents.

56.    Upon information and belief, Defendant Hacker and his/her/its co-conspirators acted jointly and in concert with one another.

57.    18 U.S.C. § 2707(a) of the Stored Communications Act provides that any "person aggrieved by any violation of this chapter in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind may, in a civil action, recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate."

58.    18 U.S.C. § 2707(b) and (c) of the Stored Communications Act provide that "[i]n a civil action under this section, appropriate relief" may include equitable relief, an award of damages, reasonable attorneys' fees, and litigation costs reasonably incurred. If the violation is willful or intentional, the court may also assess punitive damages.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

59.     Plaintiff has been and continues to be irreparably harmed by the illegal misappropriation and ongoing public dissemination of documents from among the Stolen Materials.

60.     Plaintiff has suffered and continues to suffer damage and loss by reason of the wrongful conduct of Defendant Hacker and his/her/its co-conspirators.

61.     As a proximate result of these violations, Plaintiff has suffered damage and loss in an amount to be proven at trial, and, absent injunctive relief, faces likely irreparable harm.

62.     Under 18 U.S.C. §§ 2707(a), (b) and (c) of the Stored Communications Act, Plaintiff is entitled to an award of compensatory and punitive damages, an award of reasonable attorneys' fees and expenses, and injunctive relief.

63.     Defendant Hacker and his/her/its co-conspirators are not entitled to benefit from their own wrongdoing by further disclosing, disseminating, posting, displaying, sharing, distributing, hosting, copying, viewing, accessing, providing access to or making available to anyone any of the Stolen Materials.

64.     This Court should therefore enjoin any further use, disclosure, dissemination, posting, display, sharing, distribution, hosting, copying, viewing, accessing, provision of access to or making available to anyone, in any manner whatsoever, any documents from among the Stolen Materials.

65.     This Court should order the disabling of all websites publically displaying the Stolen Materials.

66.     This Court should also order the deletion of all Internet posts that contain or reference any documents from among the Stolen Materials, and the deletion of hyperlinks to files that contain or reference any documents from among the Stolen Materials.

### THIRD CAUSE OF ACTION

### Unauthorized Access to Computers,

### Computer Systems and Computer Data

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**(Cal. Penal Code § 502)**

**(Against All Defendants)**

67.     Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1-66, above, as though fully set forth.

68.     Defendants have violated California Penal Code § 502(c)(2) by knowingly and fraudulently, and without permission, accessing, taking, copying, and making use of programs, data, and files from Plaintiff's computers, computer system, and/or computer network.

69.     Defendants have violated California Penal Code § 502(c)(3) by knowingly, fraudulently, and without permission accessing and using Plaintiff's computer systems.

70.     Defendants have violated California Penal Code § 502(c)(6) by knowingly, fraudulently, and without permission providing, or assisting in providing, a means of accessing Plaintiff's computers, computer system, and/or computer network.

71.     Defendants have violated California Penal Code § 502(c)(7) by knowingly, fraudulently, and without permission accessing, or causing to be accessed, Plaintiff's computers, computer system, and/or computer network.

72.     Plaintiff owns the data that comprises the Stolen Materials obtained by Defendants as alleged above.

73.     As a direct and proximate result of Defendants' unlawful conduct within the meaning of California Penal Code § 502, Defendants have caused damage to Plaintiff in an amount to be proven at trial.   Plaintiff is also entitled to recover its reasonable attorneys' fees pursuant to California Penal Code § 502(e).

74.     Plaintiff is informed and believes that the aforementioned acts of the Defendants were willful and malicious in that Defendants' acts described above were done with the deliberate intent to injure Plaintiff's business and improve their own. Plaintiff is therefore entitled to punitive damages.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

75.    Plaintiff has also suffered irreparable injury from these acts, and due to the continuing threat of such injury, has no adequate remedy at law, entitling Plaintiff to injunctive relief.

### FOURTH CAUSE OF ACTION

### Uniform Trade Secrets Act (Cal. Civ. Code § 3426, et seq.)

### (Against All Defendants)

76.    Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1-75, above, as though fully set forth.

77.    The Stolen Materials consist of information that has been developed at great expense to Plaintiff.

78.    The Stolen Materials include sensitive, proprietary, private, confidential and privileged communications, data, information and documents directly related to Plaintiff's business and therefore, derive independent economic value from not being generally known to the public or to other persons who can obtain economic value from their disclosure or use.

79.    The Stolen Materials are maintained in a protected database and access to that information is provided only as needed to conduct its business operations. Indeed, Plaintiff's efforts to maintain the secrecy of the Stolen Materials meet or exceed industry standards.

80.    Defendants, knowingly accessed and without permission used the Stolen Materials in order to devise and/or execute a scheme to defraud and deceive and misappropriate Plaintiff's information for the benefit of their own competing business.

81.    In effect, Defendants were engaged in business espionage directed at stealing the Stolen Materials, which are protected trade secrets under California law.

82.    Based upon information and belief, Defendants misappropriated at least part of the Stolen Materials through the efforts described above and knew or had reason to know that these trade secrets, the rights to which belong to Plaintiff, were acquired by improper means.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

83.    As a direct and proximate result of Defendants' foregoing conduct, Plaintiff has suffered damages and losses in an amount to be determined at trial but estimated to exceed $75,000.

## FIFTH CAUSE OF ACTION

### Intentional Interference with Prospective Economic Advantage

### (Against All Defendants)

84.    Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1-83, above, as though fully set forth.

85.    Plaintiff has an expectancy in continuing and advantageous economic relationships with its current and prospective customers, fans, staff, players, advertisers, suppliers, sponsors and/or vendors.

86.    These relationships contained the probability of future economic benefits. Had Defendants refrained from engaging in the unlawful and wrongful conduct described in this Complaint, there is a substantial probability that Plaintiff would have increased its future economic benefits.

87.    On information and belief, Defendants were aware of these economic relationships and intended to interfere with and disrupt them by unlawfully and wrongfully taking and using the Stolen Materials.  These acts were undertaken by Defendants to obtain for themselves the Stolen Materials and benefits therefrom at Plaintiff's expense, and without the cost of competing fairly by independently developing the same materials.

88.    Defendants' conduct was wrongful by a measure beyond the fact of the interference itself.  Defendants gained unauthorized access to the Stolen Materials through false or improper credentials.

89.    This conduct, as alleged above, constitutes violations of numerous state and federal statutes and regulations as well as common law causes of actions.

90.    As a result of Defendants' acts, Plaintiff's relationships have been actually disrupted

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

91.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered economic harm.   Defendants' wrongful conduct was a substantial factor in causing this harm.

92.     Unless Defendants are restrained by appropriate injunctive relief, their actions are likely to continue and recur and will cause Plaintiff irreparable injury for which there is no adequate remedy at law.

93.     Defendants' interference with Plaintiff's prospective economic advantage with its current and future customers, fans, staff, players, advertisers, suppliers, sponsors, and/or vendors as described above, was willful, malicious, oppressive, and in conscious disregard of Plaintiff's rights, and Plaintiff is therefore entitled to an award of punitive damages to punish their wrongful conduct and deter future wrongful conduct.

**SIXTH CAUSE OF ACTION**

**Negligent Interference With Prospective Economic Advantage**

**(Against All Defendants)**

94.     Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1-93, above, as though fully set forth.

95.     Plaintiff has an expectancy in continuing and advantageous economic relationships with its current and prospective customers, fans, staff, players, advertisers, suppliers, sponsors and/or vendors.

96.     These relationships contained the probability of future economic benefits. Had Defendants refrained from engaging in the unlawful and wrongful conduct described in this Complaint, there is a substantial probability that Plaintiff would have increased its future economic benefits.

97.     Defendants knew or should have known about the economic relationship, described above, and knew or should have known that these relationships would be interfered with and disrupted if Defendants failed to act with reasonable care in their conduct related to the Stolen Materials.  Instead, Defendants used and posted the Stolen

Materials to obtain and retain for themselves an advantage and without the cost of competing fairly by independently developing the same materials.

98.  Defendants' conduct was wrongful by a measure beyond the fact of the interference itself.  Defendants gained unauthorized access to the Stolen Materials through false or improper credentials.

99.  This conduct, as alleged above, constitutes violations of numerous state and federal statutes and regulations as well as common law causes of actions.

100.  As a result of Defendants' acts, Plaintiff's relationships have been actually disrupted

101.  As a direct and proximate result of Defendants' actions, Plaintiff has suffered economic harm.  Defendants' wrongful conduct was a substantial factor in causing this harm.

102.  Unless Defendants are restrained by appropriate injunctive relief, their actions are likely to continue and recur and will cause Plaintiff irreparable injury for which there is no adequate remedy at law.

103.  Defendants' interference with Plaintiff's prospective economic advantage with its current and future customers, fans, staff, players, advertisers, suppliers, sponsors and/or vendors, as described above, was willful, malicious, oppressive, and in conscious disregard of Plaintiff's rights, and Plaintiff is therefore entitled to an award of punitive damages to punish their wrongful conduct and deter future wrongful conduct.

**SEVENTH CAUSE OF ACTION**

**Unfair Competition - Cal. Bus. & Prof. Code § 17200 et seq.)**

**(Against All Defendants)**

104.  Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1-103, above, as though fully set forth.

105.  Defendants have engaged in unlawful business acts or practices by committing acts including computer fraud, trespass, conversion, interference with

business relationships, and other illegal acts and practices as alleged above, all in an effort to gain unfair competitive advantage over Plaintiff.

106. The acts and conduct of Defendants constitute fraudulent, unlawful, and unfair competition as defined by California Bus. & Prof. Code §§ 17200, et seq.

107. Defendants' conduct constitutes violations of numerous state and federal statutes and regulations as well as common law causes of actions.

108. Defendants have improperly and unlawfully taken commercial advantage of Plaintiff's investment in the Stolen Materials.  In light of Defendants' conduct, it would be inequitable to allow Defendants to retain the benefit of the funds obtained though the unauthorized and unlawful use of Plaintiff's property.

109. Defendants' unfair business practices have unjustly minimized Plaintiff's competitive advantage and have caused and are causing Plaintiff to suffer damages.

110. As a result of such unfair competition, Plaintiff has also suffered irreparable injury and, unless Defendants are enjoined from such unfair competition, will continue to suffer irreparable injury, whereby Plaintiff has no adequate remedy at law.

111. Defendants should be compelled to disgorge and/or restore any and all revenues, earnings, profits, compensation, and benefits they may have obtained in violation of California Business & Professions Code § 17200 et seq., including, but not limited to, returning the value of the stolen property itself and any revenue earned from it, and should be enjoined from further unlawful, unfair, and deceptive business practices.  Defendants should further be ordered to return all materials taken from Plaintiff, and all copies of such, in their possession, custody, or control.

**EIGHTH CAUSE OF ACTION**

**Conversion**

**(Against All Defendants)**

112. Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1-111, above, as though fully set forth.

113.   Defendants intentionally and willfully entered Plaintiff's protected computers without permission and took possession of Plaintiff's property, including, but not limited to, the Stolen Materials.

114.   The Stolen Materials are the sole and exclusive property of Plaintiff. Plaintiff has an exclusive right to possession and distribution of such property, which is valuable to Plaintiff and vital to its continued business operations.

115.   Plaintiff at no time consented, expressly or impliedly, to Defendants' copying, downloading, removal, retention, or distribution of such property.

116.   Defendants have been in knowing and unauthorized possession and control of such property since at least 2017.   Since that time, Defendants may have been obtaining unjust and substantial benefit from the sale and distribution of Plaintiff's property to third parties without Plaintiff's consent.

117.   Defendants' improper assumption and exercise of dominion and control over Plaintiff's property will continue to interfere with and diminish Plaintiff's rights in that property.

118.   Allowing Defendants to retain the benefits received as a result of their wrongful acts would unjustly benefit Defendants at Plaintiff's expense.

119.   As a direct and proximate result of Defendants' actions, Plaintiff has lost, and will continue to lose, value in such property, in an amount to be determined at trial. Defendants' wrongful conduct was a substantial factor in causing this harm.

120.   Plaintiff is entitled to an award of the value of the property taken, with interest, and other damages in an amount to be proven at trial.   In addition, or in the alternative, Plaintiff is entitled to damages and repossession of the converted property. In addition, or in the alternative, Plaintiff is entitled to restitution of the Defendants' ill-gotten gains.   Plaintiff will seek its election of remedies at trial.

**NINTH CAUSE OF ACTION**

**Trespass To Chattels**

**(Against All Defendants)**

-20-

121.   Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1-120, above, as though fully set forth.

122.   At all times mentioned in this Complaint, Plaintiff had legal title to and actual possession of the Stolen Materials.

123.   Defendants intentionally interfered with Plaintiff's use or possession of the Stolen Materials.

124.   Defendants' trespass and interference with the Stolen Materials proximately caused damage to Plaintiff, including, but not limited to, damage to the functionality of Plaintiff's computer system and data, damage to Plaintiff's rights to dominion and control over its property, and damage to the confidential nature of the Stolen Materials.  As a result, Defendants caused Plaintiff's property to greatly diminish in value and deprived Plaintiff of the intended use of its computer systems.

125.   Plaintiff is entitled to recover any and all damages it sustained as a result of such trespass, in an amount to be determined at trial.

126.   Defendants' trespass interfered with, and damaged, the integrity and functionality of Plaintiff's computer system and data.  Defendants will continue to commit such acts and other competitors will be encouraged to sweep the Internet to access the Stolen Materials, preventing Plaintiff from using its systems and data for their intended purpose.  Defendants' trespass therefore threatens to cause irreparable harm to Plaintiff, for which Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted and threatened.

## TENTH CAUSE OF ACTION

### Unjust Enrichment/Restitution

### (Against All Defendants)

127.   Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1-126, above, as though fully set forth.

128.   Defendants unjustly received benefits at the expense of Plaintiff through their wrongful conduct, including Defendants' interference with Plaintiff's business

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

relationships and other unfair business practices, as well as Defendants' trespass on, computer fraud concerning, and conversion of the Stolen Materials.   Defendants continue to unjustly retain these benefits at the expense of Plaintiff.  It would be unjust for Defendants to retain any value they obtained as a result of their wrongful conduct.

129.   Plaintiff is accordingly entitled to full restitution of all amounts in which Defendants have been unjustly enriched at Plaintiff's expense.

## ELEVENTH CAUSE OF ACTION

### Civil Conspiracy

### (Against All Defendants)

130.   Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1-129, above, as though fully set forth.

131.   Defendants willfully, intentionally, and knowingly agreed and conspired with each other to engage in the alleged wrongful conduct, including Defendants' interference with Plaintiff's business relationships and other unfair business practices, as well as Defendants' trespass on, computer fraud concerning, and conversion of the Stolen Materials.

132.   Defendants did the acts alleged pursuant to, and in furtherance of, that the acts of the others.

133.   As a direct and proximate result of the acts in furtherance of the conspiracy, Plaintiff has suffered injury, damage, loss, and harm.

134.   The wrongful conduct committed pursuant to the conspiracy was a substantial factor in causing this harm.

135.   Defendants' intentional agreement to commit, and commission of, these wrongful acts was willful, malicious, oppressive, and in conscious disregard of Plaintiff's rights, and Plaintiff is therefore entitled to an award of punitive damages to punish their wrongful conduct and deter future wrongful conduct.

## TWELFTH CAUSE OF ACTION

### Aiding and Abetting

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**(Against All Defendants)**

136. Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1-135, above, as though fully set forth.

137. As fully described above, Defendants had full knowledge or should have reasonably known of the true nature of the wrongful conduct of each other Defendant, and aided and abetted such wrongful conduct, including interference with Plaintiff's business relationships and other unfair business practices, as well as Defendants' trespass on, computer fraud concerning, and conversion of the Stolen Materials, by providing substantial assistance and/or encouraging the others to act.

138. Defendants also aided and abetted the described wrongful conduct of the other Defendants by giving substantial assistance and/or encouragement that, separately considered, was wrongful in and of itself.

139. As a direct and proximate result of the aiding and abetting of these acts, Plaintiff has suffered injury, damage, loss, and harm.

140. The wrongful conduct aided and abetted by the Defendants was a substantial factor in causing this harm.

141. Defendants' aiding and abetting of these wrongful acts was willful, malicious, oppressive, and in conscious disregard of Plaintiff's rights, and Plaintiff is therefore entitled to an award of punitive damages to punish their wrongful conduct and deter future wrongful conduct.

## THIRTEENTH CAUSE OF ACTION

### Declaratory Relief

**(Against All Defendants)**

142. Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1-142, above, as though fully set forth.

143. An actual controversy has arisen between Plaintiffs and Defendants, and each of them, with respect to the rights, obligations and duties of the parties, including

but not limited to the theft and use of the Stolen Materials by Defendants, warranting the issuance of a declaratory judgment.

144.   Plaintiff seeks preliminary and/or permanent injunctive relief to protect its rights and avoid the injuries described herein. A favorable decision would redress and prevent the irreparable injuries to Plaintiff, for which Plaintiff has no adequate remedy at law or in equity.

145.   Defendants will incur little to no burden if the relief sought here is granted.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally as follows:

A. Adjudging that the Defendants' actions violated The Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the Stored Communications Act, 18 U.S.C. §§ 2701 et seq.;

B. Enjoining the Defendants, their affiliates, employees, agents, and representatives, and all persons acting in concert or participation with Defendants, from using, disclosing, disseminating, posting, displaying, sharing, distributing, hosting, copying, viewing, accessing, providing access to or making available to anyone, in any manner whatsoever, any of the Stolen Materials;

C. Ordering the disabling of all websites publically displaying the Stolen Materials and of all hyperlinks to the Stolen Materials;

D. For a preliminary and permanent injunction restraining Defendants, their officers, agents, servants, employees, representatives, and attorneys, and those in active concert or participation with any of them from:

(1)   accessing any Plaintiff computer system, without Plaintiff's authorization;

(2)   selling, distributing, or using any property obtained from Plaintiff's computer system, including without limitation, the Stolen Materials;

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

(3)     removing, downloading or copying property from Plaintiff's computer system, including without limitation, the Stolen Materials;

(4)     otherwise engaging in acts of unfair competition and interference with Plaintiff's business relationships;

E.  That the Court order Defendants to file with the Court and serve on Plaintiff within thirty (30) days after the service on Defendants of such injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

F.  For an order directing Defendants to identify the Defendant Hacker;

G.  For an order directing Defendants to return Plaintiff's property, including, without limitation, the Stolen Materials, that Defendants took from Plaintiff, as set forth in this Complaint;

H.  That the Court order Defendants to pay Plaintiff punitive damages in a sum to be determined at trial, on the basis of their willful and deliberate unauthorized computer access, intentional interference with Plaintiff's prospective economic advantage, aiding and abetting and conspiracy;

I.  For restitution and disgorgement of all ill-gotten gains unjustly obtained and retained by Defendants through the acts complained of here;

J.  For damages to be proven at trial;

K.  For prejudgment interest;

L.  For an accounting;

M. For an order awarding Plaintiff its attorneys' fees and costs; and,

N.  For an order awarding Plaintiff such other and further relief as the Court deems just and proper.

///

///

///

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1

2   Date: April 9, 2018

3                                 LEECH TISHMAN FUSCALDO & LAMPL

4

5                                 By:____/s/Ivan Posey_____
                                        CHRISTOPHER GONZALEZ ESQ.
6                                       A. BRUCE BOWDEN, ESQ.
                                        IVAN POSEY, ESQ.
7                                       ATTORNEYS FOR PLAINTIFF
8                                       *Sport Lisboa e Benfica - Futebol SAD*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1

2                          **DEMAND FOR JURY TRIAL**

3           Plaintiff hereby requests a jury trial in this matter.

4    Date: April 9, 2018

5                                    **LEECH TISHMAN FUSCALDO & LAMPL**

6

7                              By:___/s/Ivan Posey_____
                                   CHRISTOPHER GONZALEZ ESQ.
8                                  A. BRUCE BOWDEN, ESQ.
                                   IVAN POSEY, ESQ.
9                                  ATTORNEYS FOR PLAINTIFF
10                                 *Sport Lisboa e Benfica - Futebol SAD*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**