CHRISTOPHER GONZALEZ ESQ. (CA SBN 174455)
A. BRUCE BOWDEN, ESQ. (PA SBN 01159)
    *Admitted Pro Hac Vice*
IVAN POSEY, ESQ. (CA SBN 196386)
LEECH TISHMAN FUSCALDO & LAMPL, INC.
A PROFESSIONAL CORPORATION
200 SOUTH LOS ROBLES AVENUE, SUITE 210
PASADENA, CA 91101
TELEPHONE NO.: (626) 796-4000
FACSIMILE NO.: (626) 795-6321

ATTORNEYS FOR PLAINTIFF
*Sport Lisboa e Benfica - Futebol SAD*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| SPORT LISBOA E BENFICA - FUTEBOL SAD, | Civil Action No. 18-cv-2978 |
|---|---|
| PLAINTIFF, | **FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:** |
| VS. | **1. VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. § 1030)** |
| JOHN DOE 1, AN UNKNOWN PERSON OR ENTITY, AUTOMATTIC INC., A DELAWARE CORPORATION, CLOUDFLARE, INC., A DELAWARE CORPORATION, REALISTIC GROUP, LLC, AN ENTITY, FORM UNKNOWN, REGTIME LTD., AN ENTITY, FORM UNKNOWN; MARKMONITOR INC., A DELAWARE CORPORATION, GOOGLE LLC, A DELAWARE LIMITED LIABILITY COMPANY, FRANTECH SOLUTIONS, AN ENTITY, FORM UNKNOWN, AND DOES 2-100, INCLUSIVE, | **2. VIOLATION OF THE STORED COMMUNICATIONS ACT (18 U.S.C. §§ 2701 ET SEQ.)** |
| | **3. MISAPPROPRIATION UNDER THE DEFEND TRADE SECRETS ACT (18 U.S.C. §§ 1839 ET SEQ.)** |
| | **4. VIOLATION OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT (18 U.S.C. §§ 2510 ET SEQ.)** |
| | **5. UNAUTHORIZED ACCESS TO COMPUTERS, COMPUTER SYSTEMS AND COMPUTER DATA (CAL. PENAL CODE § 502)** |

-1-

DEFENDANTS.

6. **UNIFORM TRADE SECRETS ACT (CAL. CIV. CODE § 3426, ET SEQ.)**
7. **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**
8. **NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**
9. **UNFAIR COMPETITION - CAL. BUS. & PROF. CODE § 17200**
10. **CONVERSION**
11. **TRESPASS TO CHATTELS**
12. **UNJUST ENRICHMENT/RESTITUTION**
13. **DECLARATORY RELIEF**

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, SPORT LISBOA E BENFICA - FUTEBOL SAD, ("Plaintiff"), and hereby brings this Complaint against Defendants, JOHN DOE 1, AN UNKNOWN PERSON OR ENTITY, AUTOMATTIC INC., A DELAWARE CORPORATION, CLOUDFLARE, INC., A DELAWARE CORPORATION, REALISTIC GROUP, LLC, AN ENTITY, FORM UNKNOWN, REGTIME LTD., AN ENTITY, FORM UNKNOWN, MARKMONITOR INC., A DELAWARE CORPORATION, GOOGLE LLC, A DELAWARE LIMITED LIABILITY COMPANY, FRANTECH SOLUTIONS, AN ENTITY, FORM UNKNOWN, AND DOES 2 THROUGH 100, INCLUSIVE, (collectively, "Defendants"), and alleges as follows:

Each and every of the allegations of this Complaint, stated on information and belief, either do or are likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

## NATURE OF THE ACTION

1.     Sport Lisboa e Benfica – Futebol, SAD, a Portuguese public limited company commonly known as "Benfica" is a multisport club based in Lisbon, Portugal. Plaintiff Benfica is best known for its professional football team (commonly called "soccer" in the United States).  Benfica was founded in 1904 and is based in Lisbon, Portugal. It is one of the "big three" clubs of the Primeira Liga (the top tier soccer league in Portugal) and it has never been relegated to a lower tier league since its formation over 114 years ago. By the end of 2016, it had over 184,000 dues paying members with over 14,000,000 supporters estimated worldwide (including over 1,000,000 estimated in the United States alone). From 2013-2016, it won four consecutive Primeira Liga titles. It owns the stadium it plays in, Estadio da Luz, which was built for €118.7M in 2003. The stadium seats almost 65,000 fans and its average home attendance for the 2016-2017 season was slightly under 56,000 fans per match. Benfica also owns a sports television network, Benfica TV which it uses to cover the team on an in depth basis. For the 2016-2017 financial year, Benfica, a publicly traded company, recorded annual revenues of approximately €253M and annual profits of approximately €44.5M. It had over €500M in total assets for the same financial period. By June 2017, Benfica had earned €617 million from player transfers since the 2010–11 season, more than any other club in the world.

2.     Yet, Plaintiff's most valuable asset and a large reason for its success, is its trade secrets in operating its professional football team.  In its sports and business dealings Plaintiff maintains valuable trade secrets which are of paramount importance to the recruiting, selecting, drafting and/or trading of players, as well as the performance, success and reputation of its professional football team.  Plaintiff's trade secrets include, but are not limited to, highly sensitive, proprietary information such as in-game strategies, training techniques, team playbook, evaluations of players' on-field performances, player's medical and clinical status and health examinations results and reports and privileged materials such as its commercial and player contracts, business

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

proposals and plans, as well as physical health and financial information of its players in form of documents as well as emails and data transferred through Plaintiff's Intranet, e-mails and other information and documents in electronic formats.  Plaintiff maintains its trade secrets, privileged and confidential information and documents, which are crucial to the plaintiff for generating revenue, in a protected computer network.

3.    This is a civil action for injunctive relief and damages arising under The Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Stored Communications Act, 18 U.S.C. §§ 2701 et seq., the Defend Trade Secrets Act, 18 U.S.C. §§ 1831 et seq., and the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 et seq., among other state and federal statutory and common law causes of action, as set forth below in more detail.  As alleged more fully below, based on Plaintiff's information and belief, two or more defendants, including Defendant JOHN DOE 1 (Defendant "Hacker") and his/her/its co-conspirators, including but not limited to DOES 2 through 100, defendants, acting in concert, planned, organized, financed, and executed multiple hackings of Plaintiff's protected computer network by gaining unauthorized access by circumventing Internet Protocol ("IP") barriers against unauthorized access, to protect Plaintiff's computer network, and unlawfully removed contents from Plaintiff's protected computer network.   Namely, Defendant Hacker  and his/her/its co-conspirators, including but not limited to DOES 2 through 100, improperly acquired Plaintiff's trade secrets, privileged and confidential information and documents located within Plaintiff's protected computer network (collectively, the "Misappropriated Trade Secrets").

4.    Plaintiff is informed and believes and, based upon such information and belief alleges that Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, commenced phishing attacks using a device, a computer connected to the Internet, against Plaintiff's electronic mailbox and website, obtained POP3/IMAP/SMTP/WebMail login access which Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, used to

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

intercept e-mails containing trade secrets, privileged and confidential information and documents originating from and sent to Plaintiff's electronic mailbox "@slbenfica.pt." Defendant Hacker  and his/her/its co-conspirators, including but not limited to DOES 2 through 100, intercepted information transmitted through Plaintiff's password protected, secure, interactive webpages.

5.     Plaintiff is informed and believes and, based upon such information and belief alleges, that after improperly acquiring the Misappropriated Trade Secrets, Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, without Plaintiff's authorization, uploaded the Misappropriated Trade Secrets onto the Internet on multiple webpages within multiple websites owned and/or controlled by Defendants.

## **PARTIES**

6.     Plaintiff, SPORT LISBOA E BENFICA - FUTEBOL SOCIEDADE ANÓNIMA DESPORTIVA, is a Portuguese public limited company, which owns and operates a website doing business on the Internet, including within this jurisdiction.

7.     Plaintiff is informed and believes and, based upon such information and belief alleges, that Defendant Hacker, an unknown person or entity and his/her/its co-conspirators, including but not limited to DOES 2 through 100, planned, organized, financed, and executed multiple hackings of Plaintiff's protected computer network, and the unauthorized and unlawful removal of the content from Plaintiff's protected computer network.  Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, stole the Misappropriated Trade Secrets.  Plaintiff is informed and believes and, based upon such information and belief alleges, that after stealing the Misappropriated Trade Secrets, Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, without Plaintiff's authorization, uploaded the Misappropriated Trade Secrets onto the Internet on multiple webpages within multiple websites owned and/or controlled by Defendants.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

8. Plaintiff is informed and believes and, based upon such information and belief alleges, that Defendant AUTOMATTIC INC. ("Defendant Automattic") is a Delaware corporation licensed to do and is doing business in California, with a principal place of business located at 2 Embarcadero Center, 8th Floor, San Francisco, California. Plaintiff is informed and believes and, based upon such information and belief alleges, that Defendant Automattic owns and/or hosts the website located at the universal resource locator ("URL") https://www.wordpress.com in this jurisdiction.

9. Plaintiff is informed and believes and, based upon such information and belief alleges, that Defendant CLOUDFLARE, INC. ("Defendant CloudFlare") is a Delaware corporation licensed to do and is doing business in California, with a principal place of business located at 101 Townsend, San Francisco, California. Plaintiff is informed and believes and, based upon such information and belief alleges, that Defendant CloudFlare is a server proxy for and/or hosts the website located at the URL http://www.rgho.st in this jurisdiction.

10. Plaintiff is informed and believes and, based upon such information and belief alleges, that Defendant REALISTIC GROUP, LLC ("Defendant RG"), is an entity, form unknown, doing business on the Internet through its website located at the URL http://www.rgho.st in this jurisdiction.

11. Plaintiff is informed and believes and, based upon such information and belief alleges, that Defendant REGTIME LTD. ("Defendant Regtime"), is an entity, form unknown, doing business on the Internet in this jurisdiction at the URL http://www.webnames.ru.

12. Plaintiff is informed and believes and, based upon such information and belief alleges, that Defendant MARKMONITOR INC. ("Defendant MarkMonitor") is a Delaware corporation doing business in California, with a principal place of business located at 50 California St., Suite 200, San Francisco, California. Plaintiff is informed and believes and, based upon such information and belief alleges, that Defendant

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

MarkMonitor is a domain name proxy for and/or hosts the website located at the URL http://www.blogspot.pt in this jurisdiction.

13.     Plaintiff is informed and believes and, based upon such information and belief alleges, that Defendant GOOGLE LLC ("Defendant Google") is a Delaware limited liability company licensed to do and is doing business in California, with a principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California.  Plaintiff is informed and believes and, based upon such information and belief alleges, that Defendant Google owns Blogger and/or hosts the website located at the URLs http://www.blogspot.com and http://www.blogspot.pt in this jurisdiction.

14.     Plaintiff is informed and believes and, based upon such information and belief alleges, that Defendant FRANTECH SOLUTIONS ("Defendant FranTech"), is an entity, form unknown, doing business on the Internet in this jurisdiction.

15.     Defendants DOES 2 through 100, inclusive, are sued herein under fictitious names; the true names and capacities are unknown to Plaintiff.  When the true names and capacities are ascertained, Plaintiff will amend this pleading by inserting the true names and capacities herein.

16.     Plaintiff is informed and believes and, based upon such information and belief alleges, that in engaging in the wrongful acts alleged in this Complaint, some defendants, as alleged herein, acted in concert and in conspiracy with one another and/or other persons or entities, whose identities and locations are presently unknown to Plaintiff and its counsel.  Once the identities and locations of such persons and entities are ascertained by Plaintiff, Plaintiff will amend this pleading to add such persons and/or entities as named defendants in this action. Plaintiff is informed and believes and, based upon such information and belief alleges, that each of the fictitiously named defendants, at all times relevant to this action was acting within the course and scope of his/her/its agency with one another.  Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants designated in this Complaint as a DOE is legally responsible for the events and happenings alleged below and proximately caused injury

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

and damages to Plaintiff as alleged.  Plaintiff will seek leave to amend the Complaint when the true names and capacities of said DOE Defendants have been ascertained.

17.    Plaintiff is informed and believes and, based upon such information and belief alleges, that Defendants, and each of them, sued herein was the agent, employee, officer or servant of each of the remaining Defendants, and each of them, and in doing the actions and in carrying on the activities described below was acting within the course and scope of said agency, employment, position or servitude.

## JURISDICTION AND VENUE

18.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, as the action arises under the laws of the United States.

19.    This Court has personal jurisdiction over the Defendants as a result of the Defendants' misappropriation of information from a "protected computer" as defined in 18 U.S.C. § 1030(e)(2)(B) which is used in and affects interstate or foreign commerce and communication, and as a result of Defendant's intentional and wrongful conduct purposefully directed at and causing injurious effect in the United States, including in this district of California.

20.    In the alternative, the Court has personal jurisdiction over the Defendants pursuant to Fed. R. Civ. P. 4(k)(2).

21.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

22.    Plaintiff repeats and reincorporates paragraphs 1 through 21, inclusive, as if set forth herein at length.

23.    At the time of the hackings, Plaintiff had taken significant measures to protect its trade secrets, privileged and confidential information and documentation by implementing protective measures to control access to and within its protected computer network, including but not limited to, the use of cyber security software and by imposing password protection parameters, with all of the measures designed to

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

provide Internet Protocol ("IP") barriers to unauthorized access to its protected computer system.

24.     Plaintiff is informed and believes and, based upon such information and belief alleges, that in or about 2017 and continuing into 2018 (exact dates unknown), Plaintiff learned of unauthorized public postings of certain portions of the Misappropriated Trade Secrets on the Internet, and thus became aware that it had been the victim of computer hackings.  The hackings included obtaining access without authorization, which included circumventing IP barriers of Plaintiff's protected computer network used by Plaintiff to conduct its business  to knowingly take, copy and use the Misappropriated Trade Secrets residing internally within Plaintiff's protected computer in order to publish the Misappropriated Trade Secrets on public websites.

25.     Plaintiff is informed and believes and, based upon such information and belief alleges, that Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, planned, organized, financed, and executed the hackings, and thereby obtained the Misappropriated Trade Secrets.

26.     Plaintiff is informed and believes and, based upon such information and belief alleges, Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, misappropriated information and documents from among the Misappropriated Trade Secrets and posted on websites of the other Defendants.  Most, if not all, of the Misappropriated Trade Secrets were previously unknown to the public and contain sensitive, proprietary, and highly confidential documents and communications.

27.     Plaintiff has notified the Defendants through its Portuguese counsel that certain postings on the websites owned and/or operated by the Defendants are Misappropriated Trade Secrets and repeatedly demanded the removal of Misappropriated Trade Secrets from the Defendants' websites.  Therefore, Defendants knew or should have known that the Misappropriated Trade Secrets previously unknown to the public containing highly confidential documents and communications

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

disclosed through their websites were trade secrets, privileged and/or confidential information, improperly acquired without Plaintiff's express or implied consent.

28.      Some of the Misappropriated Trade Secrets were uploaded onto webpages within the website located at the URL https://www.wordpress.com, a website Plaintiff is informed and believes and, based upon such information and belief alleges, is owned and/or maintained by Defendant Automattic.

29.      Some of the Misappropriated Trade Secrets were made available to the public by posting links to webpages within the website located at the URL https://www.wordpress.com, a website Plaintiff is informed and believes and, based upon such information and belief alleges, is owned and/or maintained by Defendant Automattic.

30.      Some of the Misappropriated Trade Secrets were uploaded onto webpages within the website located at the URL https://www.rgho.st, a website Plaintiff is informed and believes and, based upon such information and belief alleges, is maintained by Defendant CloudFlare.

31.      Some of the Misappropriated Trade Secrets were uploaded onto webpages within the website located at the URL https://www.rgho.st, a website Plaintiff is informed and believes and, based upon such information and belief alleges is owned and/or maintained by Defendant RG.

32.      Some of the Misappropriated Trade Secrets were uploaded onto webpages within the website located at the URL https://www.rgho.st, a website Plaintiff is informed and believes and, based upon such information and belief alleges is maintained by Defendant Regtime.

33.      Some of the Misappropriated Trade Secrets were uploaded onto webpages within the website located at the URL https://www.blogspot.pt, a website Plaintiff is informed and believes and, based upon such information and belief alleges is owned and/or maintained by Defendants Google and/or MarkMonitor.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Some of the Misappropriated Trade Secrets were uploaded onto webpages, which Plaintiff is informed and believes and, based upon such information and belief alleges is owned and/or maintained by Defendant Google.

34. Some of the Misappropriated Trade Secrets were uploaded onto webpages within the website located at the Internet Protocol address 198.251.84.79 and Plaintiff is informed and believes and, based upon such information and belief alleges, that it is owned and/or maintained by Defendant FranTech.

35. Given the protected nature and location of the Misappropriated Trade Secrets (i.e., on Plaintiff's protected computers), it would be extremely unlikely, if not impossible, for someone who is not a hacker or working directly with a Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, to have somehow independently collated the Misappropriated Trade Secrets and catalogued such on the Internet. Plaintiff is informed and believes and, based upon such information and belief alleges, that Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, uploaded the Misappropriated Trade Secrets onto the Internet individually and/or with one or more of his/her/its co-conspirators.

36. Prior to filing this Complaint, in a good faith effort to resolve the matters listed herein and to attempt to secure the identity of the Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, Plaintiff contacted Defendants to secure such information and further requested the removal of the Misappropriated Trade Secrets from the Defendants' respective webpages. Defendants refused to provide the identity of the Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, and refused to remove the Misappropriated Trade Secrets from the Defendants' webpages.

///

///

///

-11-

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

# FIRST CAUSE OF ACTION

## Violation of The Computer Fraud and Abuse Act (18 U.S.C. § 1030)

## (Against Defendant Hacker and DOES 2 through 100)

37.     Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1-36, above, as though fully set forth.

38.     Defendant Hacker  and his/her/its co-conspirators, including but not limited to DOES 2 through 100,  violated The Computer Fraud and Abuse Act, 18 U.S.C. §  1030(a)(2)(C), by intentionally accessing protected computers without authorization, and by obtaining the Misappropriated Trade Secrets from such protected computers.

39.     Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, violated The Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(5)(B), by intentionally accessing protected computers without authorization, and as a result of such conduct, recklessly causing damage to Plaintiff.

40.     Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, violated The Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(5)(C), by intentionally accessing protected computers without authorization, and as a result of such conduct, causing damage and loss to Plaintiff.

41.     Plaintiff is informed and believes and, based upon such information and belief alleges, that Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, acted jointly and in concert with one another.18 U.S.C. § 1030(g) of the Computer Fraud and Abuse Act provides that any "person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief."  Pursuant to 18 U.S.C. §§ 1030(g), (a)(2)(C), and (c)(4)(A)(i)(I) of the Computer Fraud and Abuse Act, a civil action may be brought if the conduct involves a loss during any one-year period aggregating at least $5,000 in value.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

42.     As a proximate result of the violations of the Computer Fraud and Abuse Act by Defendant Hacker and his/her/its co-conspirators but not limited to DOES 2 through 100, Plaintiff has suffered damage and loss in excess of $5,000 within a one-year period, consisting of expenses (not including attorneys' fees) to investigate the hackings and to control and remediate the damage Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100.

43.     Plaintiff has suffered and continues to suffer damage and loss by reason of the wrongful conduct of Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, wrongful conduct.

44.     Plaintiff has been and continues to be irreparably harmed by the ongoing use and dissemination of documents from among the Misappropriated Trade Secrets.

45.     As a proximate result of these violations, Plaintiff has suffered damage and loss in an amount to be proven at trial, and, absent injunctive relief, faces likely irreparable harm.

46.     Under 18 U.S.C. § 1030(g) of the Computer Fraud and Abuse Act, Plaintiff is entitled to an award of compensatory damages and injunctive and equitable relief.

47.     Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, created and/or developed the illegal postings that are highly offensive to the image and damaging to the business reputation of the Plaintiff using the Misappropriated Trade Secrets within the meaning of 47 U.S.C. §230(f)(3).   Thus, Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, as having created and/or developed the illegal postings placed on other Defendants' websites, are liable as developers and are not entitled to immunity under Communications Decency Act, 47 U.S.C. §230.

48.     Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100  and other Defendants, are not entitled to benefit from their own wrongdoing by further disclosing, disseminating, posting, displaying, sharing,

-13-

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

distributing, hosting, copying, viewing, accessing, providing access to or making available to anyone any documents from among the Misappropriated Trade Secrets.

49.     This Court should therefore enjoin any further use, disclosure, dissemination, posting, display, sharing, distribution, hosting, copying, viewing, accessing, provision of access to or making available to anyone, in any manner whatsoever, any of the Misappropriated Trade Secrets.

50.     This Court should order the disabling of all websites publicly displaying the Misappropriated Trade Secrets, including but not limited to https://mercadodebenficapolvo.wordpress.com/ and https://oartistadodia.blogspot.com/.

51.     This Court should also order the deletion of all Internet posts that contain or reference any documents from among the Misappropriated Trade Secrets, and the deletion of hyperlinks to files that contain or reference any documents from among the Misappropriated Trade Secrets, including but not limited to:

    a.  http://rgho.st/7stx6rdp4

    b.  http://rgho.st/8YyznVpbx

    c.  http://rgho.st/7PT7ZfP4Y

    d.  http://rgho.st/6SgLQgQQy

    e.  http://rgho.st/8hMWXJqqP

    f.  http://rgho.st/6ZG5Vyc4M

    g.  http://rgho.st/8S44FwzTB

    h.  http://rgho.st/7VkqHn8sx

    i.  http://rgho.st/6SXFPSyYj

    j.  http://rgho.st/7jwkJYFjM

    k.  http://rgho.st/6YPM62RXc

    l.  http://rgho.st/78PZpM5W4

    m. http://rgho.st/74qZn7Zb2

    n.  http://rgho.st/7ZHVb9shn

    o.  http://rgho.st/6cMPqLrnj

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

p.  http://rgho.st/7r4fybdrL

q.  http://rgho.st/8HFGpHvRv

r.  http://rgho.st/6VmLNbfSx

s.  http://rgho.st/6kKnxgfcz

t.  http://rgho.st/8KsMXsBFb

u.  http://rgho.st/692dDF8Jx

v.  http://rgho.st/6mzzkC8VL

w.  http://rgho.st/8mYsFL6B6

x.  http://rgho.st/7qbkfH7vv

y.  http://rgho.st/8NnVNGzK5

z.  http://rgho.st/8T7S2KWwz

aa. http://rgho.st/62Zlqx7Xk

bb. http://rgho.st/6WBrwjH9L

cc. http://rgho.st/8Yym54rJK

dd. http://rgho.st/8lBQhnvtD

ee. http://rgho.st/6m4thFjKC

ff.  http://rgho.st/6c4BZbxbB

gg. http://rgho.st/8jWhv6fPT

hh. http://rgho.st/7X2TWM2QD

ii.  http://rgho.st/6fJzBbw5R

jj.  http://rgho.st/8SM8RTmQP

kk. http://rgho.st/6ZLvvfKxP

ll.  http://rgho.st/7vf5BYswb

mm.   http://rgho.st/6g9tYTyXQ

nn. http://rgho.st/7DhNRQs6y

oo. http://rgho.st/8kBW8zRPW

pp. http://rgho.st/6gXbL7rJB

qq. http://rgho.st/6lWLr5mHx

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

rr. http://rgho.st/8jsd5dRgh

ss. http://rgho.st/7GMM6nz5c

tt. http://rgho.st/82KMThyQ8

uu. http://rgho.st/7Kszx6smM

vv. http://rgho.st/8Tjkdbqjz

ww. http://rgho.st/6CvZQcXnr

xx. http://rgho.st/6h7jRHYg5

yy. http://rgho.st/7ptwQkdrG

zz. http://rgho.st/66qcWpFFY

aaa. http://rgho.st/6BxyLMRN6

bbb. http://rgho.st/7n5xFFCj9

ccc. http://rgho.st/8XFQsVDTV

ddd. http://rgho.st/76MyPwM76

eee. http://rgho.st/8ssW5GH8r

fff. http://rgho.st/6yWlcSCpk

ggg. http://rgho.st/6hptMMh8r

hhh. http://rgho.st/8k2qq2nb2

iii. http://rgho.st/6yqK2Qh5C

jjj. http://rgho.st/6z9dDCrgm

kkk. http://rgho.st/8WzLZ67lS

lll. http://rgho.st/8B8YCdLd8

mmm. http://rgho.st/8kRdTdzV6

nnn. http://rgho.st/7ND5Xqwzr

ooo. http://rgho.st/6qgJT4zYL

ppp. http://rgho.st/7zscrzbR5

qqq. http://rgho.st/7hrqmz59t

rrr. http://rgho.st/8RkgcLyYq

sss. http://rgho.st/85YybMlDq

-16-

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

ttt. http://rgho.st/8JRlBXvD2

uuu.   https://oartistadodia.blogspot.com/2017/12/o-negocio-rafa.html

vvv.   https://oartistadodia.blogspot.com/2017/12/o-negocio-jimenez.html

www. https://oartistadodia.blogspot.com/2017/12/preco-atrativo-na-negociacao-com-as.html

xxx.   https://oartistadodia.blogspot.com/2017/12/a-blogs-tale.html

yyy.   https://oartistadodia.blogspot.com/2017/12/reportando-direitos-de-terceiros-pela.html

zzz.   https://oartistadodia.blogspot.com/2018/02/os-pagamentos-indiretos-do-benfica-via.html

aaaa.  https://oartistadodia.blogspot.com/2018/03/o-juiz-angariador.html

bbbb. https://oartistadodia.blogspot.com/2018/03/o-aprendiz-de-diplomata.html

cccc.  https://oartistadodia.blogspot.com/2018/03/o-instituto-dos-profissionais-das-borlas.html

dddd. https://oartistadodia.blogspot.com/2018/04/quem-e-que-ainda-nao-tem-convites-ja.html

eeee.  https://oartistadodia.blogspot.com/2018/04/benfica-to-rescue.html

ffff.   https://oartistadodia.blogspot.com/2018/04/como-conquistar-o-poder-em-5-anos.html and

gggg. https://oartistadodia.blogspot.com/2018/04/quem-e-que-ainda-nao-tem-convites-ja.html.

## SECOND CAUSE OF ACTION

### Violation of The Stored Communications Act (18 U.S.C. §§ 2701 et seq.)

### (Against Defendant Hacker and DOES 2 through 100)

52.   Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1-51, above, as though fully set forth.

53.   Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, violated 18 U.S.C. § 2701(a)(1) of the Stored Communications

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Act by knowingly and intentionally accessing Plaintiff's facility without authorization through which an electronic communication service is provided and thereby obtaining documents from among the Misappropriated Trade Secrets that included wire or electronic communications, while such communications were in electronic storage in such system.

54.     Defendant Hacker and his/her/its co-conspirators including but not limited to DOES 2 through 100, knowingly and intentionally accessed without authorization the Misappropriated Trade Secrets from Plaintiff's facility.  To access the Misappropriated Trade Secrets, Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, accessed Plaintiff's computer(s) and then posted the Misappropriated Trade Secrets on Internet service providers' computer(s) Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, had no authorization to access any of such computer(s) or any of the Stolen Materials.

55.     The Misappropriated Trade Secrets obtained by Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100  were in electronic storage in the above-mentioned servers, among others, at the time Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, accessed them without authorization.

56.     The actions of Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, violated the Stored Communications Act and were willful and intentional.   Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, despite knowing that their access to the above-mentioned servers were not authorized, continued over a period of months to repeatedly access and obtain electronic documents.

57.     Upon information and belief, Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, acted jointly and in concert with one another.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

58.     18 U.S.C. § 2707(a) of the Stored Communications Act provides that any "person aggrieved by any violation of this chapter in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind may, in a civil action, recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate."

59.     18 U.S.C. § 2707(b) and (c) of the Stored Communications Act provide that "[i]n a civil action under this section, appropriate relief" may include equitable relief, an award of damages, reasonable attorneys' fees, and litigation costs reasonably incurred. If the violation is willful or intentional, the court may also assess punitive damages.

60.     Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, created and/or developed the illegal postings that are highly offensive to the image and damaging to the business reputation of the Plaintiff using the Misappropriated Trade Secrets within the meaning of 47 U.S.C. §230(f)(3).  Thus, Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, as having created and/or developed the illegal postings placed on other Defendants' websites, are liable as developers and are not entitled to immunity under Communications Decency Act, 47 U.S.C. §230.

61.     Plaintiff has been and continues to be irreparably harmed by the illegal misappropriation and ongoing public dissemination of documents from among the Misappropriated Trade Secrets.

62.     Plaintiff has suffered and continues to suffer damage and loss by reason of the wrongful conduct of Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100.

63.     As a proximate result of these violations, Plaintiff has suffered damage and loss in an amount to be proven at trial, and, absent injunctive relief, faces likely irreparable harm.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

64.    Under 18 U.S.C. §§ 2707(a), (b) and (c) of the Stored Communications Act, Plaintiff is entitled to an award of compensatory and punitive damages, an award of reasonable attorneys' fees and expenses, and injunctive relief.

65.    Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, are not entitled to benefit from their own wrongdoing by further disclosing, disseminating, posting, displaying, sharing, distributing, hosting, copying, viewing, accessing, providing access to or making available to anyone any of the Misappropriated Trade Secrets.

66.    This Court should therefore enjoin any further use, disclosure, dissemination, posting, display, sharing, distribution, hosting, copying, viewing, accessing, provision of access to or making available to anyone, in any manner whatsoever, any documents from among the Misappropriated Trade Secrets.

67.    This Court should order the disabling of all websites publicly displaying the Misappropriated Trade Secrets, including but not limited to https://mercadodebenficapolvo.wordpress.com/ and https://oartistadodia.blogspot.com/.

68.    This Court should also order the deletion of all Internet posts that contain or reference any documents from among the Misappropriated Trade Secrets, and the deletion of hyperlinks to files that contain or reference any documents from among the Misappropriated Trade Secrets, including but not limited to:

    a.  http://rgho.st/7stx6rdp4

    b.  http://rgho.st/8YyznVpbx

    c.  http://rgho.st/7PT7ZfP4Y

    d.  http://rgho.st/6SgLQgQQy

    e.  http://rgho.st/8hMWXJqqP

    f.  http://rgho.st/6ZG5Vyc4M

    g.  http://rgho.st/8S44FwzTB

    h.  http://rgho.st/7VkqHn8sx

    i.  http://rgho.st/6SXFPSyYj

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1  j.  http://rgho.st/7jwkJYFjM

2  k.  http://rgho.st/6YPM62RXc

3  l.  http://rgho.st/78PZpM5W4

4  m. http://rgho.st/74qZn7Zb2

5  n.  http://rgho.st/7ZHVb9shn

6  o.  http://rgho.st/6cMPqLrnj

7  p.  http://rgho.st/7r4fybdrL

8  q.  http://rgho.st/8HFGpHvRv

9  r.  http://rgho.st/6VmLNbfSx

10  s.  http://rgho.st/6kKnxgfcz

11  t.  http://rgho.st/8KsMXsBFb

12  u.  http://rgho.st/692dDF8Jx

13  v.  http://rgho.st/6mzzkC8VL

14  w. http://rgho.st/8mYsFL6B6

15  x.  http://rgho.st/7qbkfH7vv

16  y.  http://rgho.st/8NnVNGzK5

17  z.  http://rgho.st/8T7S2KWwz

18  aa. http://rgho.st/62Zlqx7Xk

19  bb. http://rgho.st/6WBrwjH9L

20  cc. http://rgho.st/8Yym54rJK

21  dd. http://rgho.st/8lBQhnvtD

22  ee. http://rgho.st/6m4thFjKC

23  ff.  http://rgho.st/6c4BZbxbB

24  gg. http://rgho.st/8jWhv6fPT

25  hh. http://rgho.st/7X2TWM2QD

26  ii.  http://rgho.st/6fJzBbw5R

27  jj.  http://rgho.st/8SM8RTmQP

28  kk. http://rgho.st/6ZLvvfKxP

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

ll.  http://rgho.st/7vf5BYswb

mm.   http://rgho.st/6g9tYTyXQ

nn. http://rgho.st/7DhNRQs6y

oo. http://rgho.st/8kBW8zRPW

pp. http://rgho.st/6gXbL7rJB

qq. http://rgho.st/6lWLr5mHx

rr.  http://rgho.st/8jsd5dRgh

ss.  http://rgho.st/7GMM6nz5c

tt.  http://rgho.st/82KMThyQ8

uu. http://rgho.st/7Kszx6smM

vv. http://rgho.st/8Tjkdbqjz

ww.   http://rgho.st/6CvZQcXnr

xx. http://rgho.st/6h7jRHYg5

yy. http://rgho.st/7ptwQkdrG

zz. http://rgho.st/66qcWpFFY

aaa.   http://rgho.st/6BxyLMRN6

bbb.   http://rgho.st/7n5xFFCj9

ccc.   http://rgho.st/8XFQsVDTV

ddd.   http://rgho.st/76MyPwM76

eee.   http://rgho.st/8ssW5GH8r

fff. http://rgho.st/6yWlcSCpk

ggg.   http://rgho.st/6hptMMh8r

hhh.   http://rgho.st/8k2qq2nb2

iii. http://rgho.st/6yqK2Qh5C

jjj. http://rgho.st/6z9dDCrgm

kkk.   http://rgho.st/8WzLZ67lS

lll. http://rgho.st/8B8YCdLd8

mmm.      http://rgho.st/8kRdTdzV6

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

nnn.   http://rgho.st/7ND5Xqwzr

ooo.   http://rgho.st/6qgJT4zYL

ppp.   http://rgho.st/7zscrzbR5

qqq.   http://rgho.st/7hrqmz59t

rrr.http://rgho.st/8RkgcLyYq

sss.   http://rgho.st/85YybMlDq

ttt. http://rgho.st/8JRlBXvD2

uuu.   https://oartistadodia.blogspot.com/2017/12/o-negocio-rafa.html

vvv.   https://oartistadodia.blogspot.com/2017/12/o-negocio-jimenez.html

www. https://oartistadodia.blogspot.com/2017/12/preco-atrativo-na-negociacao-com-as.html

xxx.   https://oartistadodia.blogspot.com/2017/12/a-blogs-tale.html

yyy.   https://oartistadodia.blogspot.com/2017/12/reportando-direitos-de-terceiros-pela.html

zzz.   https://oartistadodia.blogspot.com/2018/02/os-pagamentos-indiretos-do-benfica-via.html

aaaa.  https://oartistadodia.blogspot.com/2018/03/o-juiz-angariador.html

bbbb. https://oartistadodia.blogspot.com/2018/03/o-aprendiz-de-diplomata.html

cccc.  https://oartistadodia.blogspot.com/2018/03/o-instituto-dos-profissionais-das-borlas.html

dddd. https://oartistadodia.blogspot.com/2018/04/quem-e-que-ainda-nao-tem-convites-ja.html

eeee.  https://oartistadodia.blogspot.com/2018/04/benfica-to-rescue.html

ffff.   https://oartistadodia.blogspot.com/2018/04/como-conquistar-o-poder-em-5-anos.html and

gggg. https://oartistadodia.blogspot.com/2018/04/quem-e-que-ainda-nao-tem-convites-ja.html.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**THIRD CAUSE OF ACTION**

**Misappropriation Under The Defend Trade Secrets Act (18 U.S.C. §§ 1831 et seq.)**

**(Against All Defendants)**

69.     Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1-68, above, as though fully set forth.

70.     Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2-100 and the other Defendants, violated 18 U.S.C. § 1832(a)(1)-(3) of the Defend Trade Secrets Act ("DTSA") by either knowingly and intentionally stealing and/or misappropriating, receiving and/or possessing without authorization the Misappropriated Trade Secrets.

71.     The Misappropriated Trade Secrets consist of information and trade secrets owned by Plaintiff that have been developed at great expense to Plaintiff used in operating a professional football team in interstate and/or foreign commerce. Therefore, Plaintiff enjoys an advantage over its existing and would-be competitors based, to great extent, on the trade secret and/or privileged and confidential information it has developed and implemented.

72.     The Misappropriated Trade Secrets directly related to Plaintiff's business operating a professional football team to generating revenue.  Consequently, Plaintiff derives independent economic value from those Misappropriated Trade Secrets not being generally known to the public or to other persons who can obtain economic value from its disclosure or use.  Disclosure of Misappropriated Trade Secrets such as business proposals and transfer information regarding players would naturally provide another professional football team variety of advantages over Plaintiff's football team without the cost of competing fairly by independently developing the same materials. Accordingly, the above-described information constitutes "trade secrets" within the meaning of the DTSA, 18 U.S.C. § 1839.

73.     Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, created and/or developed the illegal postings that are highly

-24-

offensive to the image and damaging to the business reputation of the Plaintiff using the Misappropriated Trade Secrets within the meaning of 47 U.S.C. §230(f)(3).   Thus, Defendant Hacker and his/her its co-conspirators, including but not limited to DOES 2 through 100, as having created and/or developed the illegal postings placed on other Defendants' websites, are liable as developers and are not entitled to immunity under Communications Decency Act, 47 U.S.C. §230.

74.   The Misappropriated Trade Secrets are maintained in a protected database with restricted access to that information is provided only as needed to conduct its business operations.   Indeed, Plaintiff's efforts to maintain the secrecy of the Misappropriated Trade Secrets meet or exceed industry standards.

75.   Plaintiff has notified the Defendants through its Portuguese counsel that certain postings on the websites owned and/or operated by the Defendants are Misappropriated Trade Secrets and repeatedly demanded the removal of Misappropriated Trade Secrets from the Defendants' websites.   Therefore, Defendants knew or should have known that the Misappropriated Trade Secrets previously unknown to the public containing highly confidential documents and communications disclosed through their websites were trade secrets privileged and/or confidential information, improperly acquired without Plaintiff's express or implied consent.

76.   18 U.S.C. § 1836(b)(1) of the DTSA provides that "[a]n owner of a trade secret that is misappropriated may bring a civil action under this subsection if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce."

77.   18 U.S.C. § 1839(5) provides that misappropriation of a trade secret can be acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or, disclosure of a trade secret by a person who knew or had reason to know that the knowledge of the trade secret was derived by improper means or use of a trade secret.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

78.     Since the Defendant Hacker and other Defendants knew or had reason to know that disclosure on their websites of Plaintiff's trade secrets was improper, due to highly sensitive privileged and confidential nature of the information,  Defendants failure to remove such information upon receipt of Plaintiff's objections to disclosure of and requests to remove the Misappropriated Trade Secrets constitutes Defendants' improper acquisition and misappropriation of Plaintiff's trade secrets.

79.     Defendants' disclosure and use of the Misappropriated Trade Secrets fall outside of their ordinary course of business since Defendants disclosed and used the Misappropriated Trade Secrets despite knowing or having reason to know of the illegal manner in which the Misappropriated Trade Secrets were obtained.

80.     18 U.S.C. § 1836(b)(3) of the DTSA provides that "[i]n a civil action brought under this subsection, with respect to the misappropriation of a trade secret, a court may" grant an injunction and award damages for actual loss and any unjust enrichment caused by the misappropriation of the trade secret.  If the trade secret is willfully or maliciously misappropriated, the court may also award exemplary damages in an amount not more than two (2) times the amount of damages previously assessed and reasonable attorney's fees.

81.     Plaintiff has been and continues to be irreparably harmed by the illegal misappropriation and ongoing public dissemination of documents from among the Misappropriated Trade Secrets.

82.     Plaintiff has suffered and continues to suffer damage and loss by reason of the wrongful conduct of Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100.

83.     As a proximate result of these violations, Plaintiff has suffered damage and loss in an amount to be proven at trial, and, absent injunctive relief, faces likely irreparable harm.

/ / /

/ / /

-26-

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

84.     Under 18 U.S.C. §§ 1836(b)(3)(A), (B), (C) and (D) of the DTSA, Plaintiff is entitled to an award of compensatory and exemplary damages, an award of reasonable attorneys' fees and expenses, and injunctive relief.

85.     Defendant Hacker and his/her/its co-conspirators, including but not limited to the other Defendants, are not entitled to benefit from their own wrongdoing by further disclosing, disseminating, posting, displaying, sharing, distributing, hosting, copying, viewing, accessing, providing access to or making available to anyone any of the Misappropriated Trade Secrets.

86.     This Court should therefore enjoin any further use, disclosure, dissemination, posting, display, sharing, distribution, hosting, copying, viewing, accessing, provision of access to or making available to anyone, in any manner whatsoever, any documents from among the Misappropriated Trade Secrets.

87.     This Court should order the disabling of all websites publicly displaying the Misappropriated Trade Secrets, including but not limited to https://mercadodebenficapolvo.wordpress.com/ and https://oartistadodia.blogspot.com/.

88.     This Court should also order the deletion of all Internet posts that contain or reference any documents from among the Misappropriated Trade Secrets, and the deletion of hyperlinks to files that contain or reference any documents from among the Misappropriated Trade Secrets, including but not limited to:

 a.  http://rgho.st/7stx6rdp4

 b.  http://rgho.st/8YyznVpbx

 c.  http://rgho.st/7PT7ZfP4Y

 d.  http://rgho.st/6SgLQgQQy

 e.  http://rgho.st/8hMWXJqqP

 f.  http://rgho.st/6ZG5Vyc4M

 g.  http://rgho.st/8S44FwzTB

 h.  http://rgho.st/7VkqHn8sx

 i.  http://rgho.st/6SXFPSyYj

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

j.  http://rgho.st/7jwkJYFjM

k.  http://rgho.st/6YPM62RXc

l.  http://rgho.st/78PZpM5W4

m. http://rgho.st/74qZn7Zb2

n.  http://rgho.st/7ZHVb9shn

o.  http://rgho.st/6cMPqLrnj

p.  http://rgho.st/7r4fybdrL

q.  http://rgho.st/8HFGpHvRv

r.  http://rgho.st/6VmLNbfSx

s.  http://rgho.st/6kKnxgfcz

t.  http://rgho.st/8KsMXsBFb

u.  http://rgho.st/692dDF8Jx

v.  http://rgho.st/6mzzkC8VL

w.  http://rgho.st/8mYsFL6B6

x.  http://rgho.st/7qbkfH7vv

y.  http://rgho.st/8NnVNGzK5

z.  http://rgho.st/8T7S2KWwz

aa. http://rgho.st/62Zlqx7Xk

bb. http://rgho.st/6WBrwjH9L

cc. http://rgho.st/8Yym54rJK

dd. http://rgho.st/8lBQhnvtD

ee. http://rgho.st/6m4thFjKC

ff. http://rgho.st/6c4BZbxbB

gg. http://rgho.st/8jWhv6fPT

hh. http://rgho.st/7X2TWM2QD

ii. http://rgho.st/6fJzBbw5R

jj. http://rgho.st/8SM8RTmQP

kk. http://rgho.st/6ZLvvfKxP

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1    ll.  http://rgho.st/7vf5BYswb

2    mm.   http://rgho.st/6g9tYTyXQ

3    nn. http://rgho.st/7DhNRQs6y

4    oo. http://rgho.st/8kBW8zRPW

5    pp. http://rgho.st/6gXbL7rJB

6    qq. http://rgho.st/6lWLr5mHx

7    rr.  http://rgho.st/8jsd5dRgh

8    ss.  http://rgho.st/7GMM6nz5c

9    tt.  http://rgho.st/82KMThyQ8

10   uu. http://rgho.st/7Kszx6smM

11   vv. http://rgho.st/8Tjkdbqjz

12   ww.   http://rgho.st/6CvZQcXnr

13   xx. http://rgho.st/6h7jRHYg5

14   yy. http://rgho.st/7ptwQkdrG

15   zz. http://rgho.st/66qcWpFFY

16   aaa.   http://rgho.st/6BxyLMRN6

17   bbb.   http://rgho.st/7n5xFFCj9

18   ccc.   http://rgho.st/8XFQsVDTV

19   ddd.   http://rgho.st/76MyPwM76

20   eee.   http://rgho.st/8ssW5GH8r

21   fff. http://rgho.st/6yWlcSCpk

22   ggg.   http://rgho.st/6hptMMh8r

23   hhh.   http://rgho.st/8k2qq2nb2

24   iii. http://rgho.st/6yqK2Qh5C

25   jjj. http://rgho.st/6z9dDCrgm

26   kkk.   http://rgho.st/8WzLZ67lS

27   lll. http://rgho.st/8B8YCdLd8

28   mmm.      http://rgho.st/8kRdTdzV6

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

nnn.   http://rgho.st/7ND5Xqwzr

ooo.   http://rgho.st/6qgJT4zYL

ppp.   http://rgho.st/7zscrzbR5

qqq.   http://rgho.st/7hrqmz59t

rrr. http://rgho.st/8RkgcLyYq

sss.   http://rgho.st/85YybMlDq

ttt. http://rgho.st/8JRlBXvD2

uuu.   https://oartistadodia.blogspot.com/2017/12/o-negocio-rafa.html

vvv.   https://oartistadodia.blogspot.com/2017/12/o-negocio-jimenez.html

www. https://oartistadodia.blogspot.com/2017/12/preco-atrativo-na-negociacao-com-as.html

xxx.   https://oartistadodia.blogspot.com/2017/12/a-blogs-tale.html

yyy.   https://oartistadodia.blogspot.com/2017/12/reportando-direitos-de-terceiros-pela.html

zzz.   https://oartistadodia.blogspot.com/2018/02/os-pagamentos-indiretos-do-benfica-via.html

aaaa.  https://oartistadodia.blogspot.com/2018/03/o-juiz-angariador.html

bbbb. https://oartistadodia.blogspot.com/2018/03/o-aprendiz-de-diplomata.html

cccc.  https://oartistadodia.blogspot.com/2018/03/o-instituto-dos-profissionais-das-borlas.html

dddd. https://oartistadodia.blogspot.com/2018/04/quem-e-que-ainda-nao-tem-convites-ja.html

eeee.  https://oartistadodia.blogspot.com/2018/04/benfica-to-rescue.html

ffff.   https://oartistadodia.blogspot.com/2018/04/como-conquistar-o-poder-em-5-anos.html and

gggg. https://oartistadodia.blogspot.com/2018/04/quem-e-que-ainda-nao-tem-convites-ja.html.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**FOURTH CAUSE OF ACTION**

**Violation of the Electronic Communications Privacy Act**

**(18 U.S.C. §§ 2510 et seq.)**

**(Against All Defendants)**

89.    Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1-88, above, as though fully set forth.

90.    Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100,   violated 18 U.S.C. § 2511(1)(a)-(d) of the Electronic Communications Privacy Act by knowingly and intentionally intercepting and/or procuring, the Misappropriated Trade Secrets.  Defendants then intentionally disclosed and used the contents of the Misappropriated Trade Secrets.  Defendants' disclosure and use of the Misappropriated Trade Secrets fall outside of their ordinary course of business since Defendants disclosed and used the Misappropriated Trade Secrets despite knowing or having reason to know of the illegal manner in which the Misappropriated Trade Secrets were obtained.

91.    Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100,  conducted phishing attack at Plaintiff's electronic mailbox and secure website, and obtained login access to Plaintiff's SMTP and webmail which Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, used to intercept emails containing trade secrets, privileged and confidential information originating from and received into Plaintiff's electronic mailbox "@slbenfica.pt."  Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, intercepted information transmitted through Plaintiff's password protected, secure, interactive webpages.

92.    The Misappropriated Trade Secrets consist of information that has been developed at great expense to Plaintiff, including communications, information and materials for use in interstate or foreign commerce.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

93.     The Misappropriated Trade Secrets include sensitive, proprietary, private, confidential and privileged communications, data, information and documents directly related to Plaintiff's business and therefore, derive independent economic value from not being generally known to the public or to other persons who can obtain economic value from their disclosure or use.

94.     The Electronic Communications Privacy Act prohibits unauthorized access of a "facility through which an electronic communication service is provided." Plaintiff's email system with email accounts containing "@slbenfica.pt" in the email address which identifies the name of Plaintiff's electronic mailbox is a "facility" under 18 U.S.C. §2701.  Also, any password protected interactive webpages of the Plaintiff's URL, https://www.slbenfica.pt is a "facility."

95.     Significant portions of the Misappropriated Trade Secrets are transmitted in email communications but only as needed by the Plaintiff to conduct its business operations.  Given the manner and form in which Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, posted the emails containing the Misappropriated Trade Secrets on Defendants' websites, Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, intercepted from Plaintiff's facilities, email exchanges between Plaintiff's management containing the Misappropriated Trade Secrets during the electronic transmission of such emails from Plaintiff's facilities and not while the information is in electronic storage.

96.     Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100 created and/or developed the illegal postings that are highly offensive to the image and damaging to the business reputation of the Plaintiff using the Misappropriated Trade Secrets within the meaning of 47 U.S.C. §230(f)(3).  Thus, Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, as having created and/or developed the illegal postings, are liable as

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

developers and are not entitled to immunity under Communications Decency Act, 47 U.S.C. §230.

97.     The Misappropriated Trade Secrets are maintained in a protected database and access to and electronic transmission of that information is provided only as needed to conduct its business operations. The Misappropriated Trade Secrets include private, confidential and privileged communications that were made by nonpublic means. Indeed, Plaintiff's efforts to maintain the secrecy of the Misappropriated Trade Secrets meet or exceed industry standards.

98.     18 U.S.C. § 2520(a) of the Electronic Communications Privacy Act provides that "Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate".

99.     Plaintiff has notified the Defendants through its Portuguese counsel that certain postings on the websites owned and/or operated by the Defendants are Misappropriated Trade Secrets and repeatedly demanded the removal of Misappropriated Trade Secrets from the Defendants' websites.  Therefore, Defendants knew or should have known that the Misappropriated Trade Secrets previously unknown to the public containing highly confidential documents and communications disclosed through their websites were trade secrets privileged and/or confidential information, improperly acquired without Plaintiff's express or implied consent.

100.  18 U.S.C. § 2520(b) of the Electronic Communications Privacy Act provides that "[i]n an action under this section, appropriate relief includes – (1) such preliminary and other equitable or declaratory relief as may be appropriate; (2) damages under subsection (c) and punitive damages in appropriate cases; and (3) a reasonable attorney's fee and other litigation costs reasonably incurred."

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

101.   Plaintiff has been and continues to be irreparably harmed by the illegal interception, misappropriation and ongoing public dissemination of communications and documents from among the Misappropriated Trade Secrets.

102.   Plaintiff has suffered and continues to suffer damage and loss by reason of the wrongful conduct of Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100.

103.   As a proximate result of these violations, Plaintiff has suffered damage and loss in an amount to be proven at trial, and, absent injunctive relief, faces likely irreparable harm.

104.   Under 18 U.S.C. § 2520(b) of the Electronic Communications Privacy Act, Plaintiff is entitled to an award of compensatory and punitive damages, an award of reasonable attorneys' fees and expenses, and injunctive relief.

105.   Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100,  are not entitled to benefit from their own wrongdoing by further disclosing, disseminating, posting, displaying, sharing, distributing, hosting, copying, viewing, accessing, providing access to or making available to anyone any of the Misappropriated Trade Secrets.

106.   This Court should therefore enjoin any further use, disclosure, dissemination, posting, display, sharing, distribution, hosting, copying, viewing, accessing, provision of access to or making available to anyone, in any manner whatsoever, any communications or documents from among the Misappropriated Trade Secrets.

107.   This Court should order the disabling of all websites publicly displaying the Misappropriated Trade Secrets, including but not limited to https://mercadodebenficapolvo.wordpress.com/ and https://oartistadodia.blogspot.com/.

108.   This Court should also order the deletion of all Internet posts that contain or reference any communications or documents from among the Misappropriated Trade Secrets, and the deletion of hyperlinks to files that contain or reference any

-34-

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

communications or documents from among the Misappropriated Trade Secrets, including but not limited to:

     a.  http://rgho.st/7stx6rdp4

     b.  http://rgho.st/8YyznVpbx

     c.  http://rgho.st/7PT7ZfP4Y

     d.  http://rgho.st/6SgLQgQQy

     e.  http://rgho.st/8hMWXJqqP

     f.  http://rgho.st/6ZG5Vyc4M

     g.  http://rgho.st/8S44FwzTB

     h.  http://rgho.st/7VkqHn8sx

     i.  http://rgho.st/6SXFPSyYj

     j.  http://rgho.st/7jwkJYFjM

     k.  http://rgho.st/6YPM62RXc

     l.  http://rgho.st/78PZpM5W4

     m. http://rgho.st/74qZn7Zb2

     n.  http://rgho.st/7ZHVb9shn

     o.  http://rgho.st/6cMPqLrnj

     p.  http://rgho.st/7r4fybdrL

     q.  http://rgho.st/8HFGpHvRv

     r.  http://rgho.st/6VmLNbfSx

     s.  http://rgho.st/6kKnxgfcz

     t.  http://rgho.st/8KsMXsBFb

     u.  http://rgho.st/692dDF8Jx

     v.  http://rgho.st/6mzzkC8VL

     w. http://rgho.st/8mYsFL6B6

     x.  http://rgho.st/7qbkfH7vv

     y.  http://rgho.st/8NnVNGzK5

     z.  http://rgho.st/8T7S2KWwz

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1      aa. http://rgho.st/62Zlqx7Xk

2      bb. http://rgho.st/6WBrwjH9L

3      cc. http://rgho.st/8Yym54rJK

4      dd. http://rgho.st/8lBQhnvtD

5      ee. http://rgho.st/6m4thFjKC

6      ff. http://rgho.st/6c4BZbxbB

7      gg. http://rgho.st/8jWhv6fPT

8      hh. http://rgho.st/7X2TWM2QD

9      ii. http://rgho.st/6fJzBbw5R

10      jj. http://rgho.st/8SM8RTmQP

11      kk. http://rgho.st/6ZLvvfKxP

12      ll. http://rgho.st/7vf5BYswb

13      mm. http://rgho.st/6g9tYTyXQ

14      nn. http://rgho.st/7DhNRQs6y

15      oo. http://rgho.st/8kBW8zRPW

16      pp. http://rgho.st/6gXbL7rJB

17      qq. http://rgho.st/6lWLr5mHx

18      rr. http://rgho.st/8jsd5dRgh

19      ss. http://rgho.st/7GMM6nz5c

20      tt. http://rgho.st/82KMThyQ8

21      uu. http://rgho.st/7Kszx6smM

22      vv. http://rgho.st/8Tjkdbqjz

23      ww. http://rgho.st/6CvZQcXnr

24      xx. http://rgho.st/6h7jRHYg5

25      yy. http://rgho.st/7ptwQkdrG

26      zz. http://rgho.st/66qcWpFFY

27      aaa. http://rgho.st/6BxyLMRN6

28      bbb. http://rgho.st/7n5xFFCj9

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

ccc.    http://rgho.st/8XFQsVDTV

ddd.    http://rgho.st/76MyPwM76

eee.    http://rgho.st/8ssW5GH8r

fff. http://rgho.st/6yWlcSCpk

ggg.    http://rgho.st/6hptMMh8r

hhh.    http://rgho.st/8k2qq2nb2

iii. http://rgho.st/6yqK2Qh5C

jjj. http://rgho.st/6z9dDCrgm

kkk.    http://rgho.st/8WzLZ67lS

lll. http://rgho.st/8B8YCdLd8

mmm.        http://rgho.st/8kRdTdzV6

nnn.    http://rgho.st/7ND5Xqwzr

ooo.    http://rgho.st/6qgJT4zYL

ppp.    http://rgho.st/7zscrzbR5

qqq.    http://rgho.st/7hrqmz59t

rrr. http://rgho.st/8RkgcLyYq

sss.    http://rgho.st/85YybMlDq

ttt. http://rgho.st/8JRlBXvD2

uuu.    https://oartistadodia.blogspot.com/2017/12/o-negocio-rafa.html

vvv.    https://oartistadodia.blogspot.com/2017/12/o-negocio-jimenez.html

www. https://oartistadodia.blogspot.com/2017/12/preco-atrativo-na-negociacao-
        com-as.html

xxx.    https://oartistadodia.blogspot.com/2017/12/a-blogs-tale.html

yyy.    https://oartistadodia.blogspot.com/2017/12/reportando-direitos-de-
        terceiros-pela.html

zzz.    https://oartistadodia.blogspot.com/2018/02/os-pagamentos-indiretos-do-
        benfica-via.html

aaaa.   https://oartistadodia.blogspot.com/2018/03/o-juiz-angariador.html

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

bbbb. https://oartistadodia.blogspot.com/2018/03/o-aprendiz-de-diplomata.html

cccc. https://oartistadodia.blogspot.com/2018/03/o-instituto-dos-profissionais-das-borlas.html

dddd. https://oartistadodia.blogspot.com/2018/04/quem-e-que-ainda-nao-tem-convites-ja.html

eeee. https://oartistadodia.blogspot.com/2018/04/benfica-to-rescue.html

ffff. https://oartistadodia.blogspot.com/2018/04/como-conquistar-o-poder-em-5-anos.html and

gggg. https://oartistadodia.blogspot.com/2018/04/quem-e-que-ainda-nao-tem-convites-ja.html.

**FIFTH CAUSE OF ACTION**

**Unauthorized Access to Computers,**

**Computer Systems and Computer Data**

**(Cal. Penal Code § 502)**

**(Against Defendant Hacker and DOES 2 Through 100)**

109.   Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1-108, above, as though fully set forth.

110.   Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, violated California Penal Code § 502(c)(2) by knowingly and fraudulently, and without permission, accessing, taking, copying, and making use of programs, data, and files from Plaintiff's computers, computer system, and/or computer network.

111.   Defendant Hacker  and his/her/its co-conspirators, including but not limited to DOES 2 through 100, violated California Penal Code § 502(c)(3) by knowingly, fraudulently, and without permission accessing and using Plaintiff's computer systems.

112.   Defendant Hacker  and his/her/its co-conspirators, including but not limited to DOES 2 through 100, violated California Penal Code § 502(c)(6) by

-38-

knowingly, fraudulently, and without permission providing, or assisting in providing, a means of accessing Plaintiff's computers, computer system, and/or computer network.

113.   Defendant Hacker   and his/her/its co-conspirators, including but not limited to DOES 2 through 100, violated California Penal Code § 502(c)(7) by knowingly, fraudulently, and without permission accessing, or causing to be accessed, Plaintiff's computers, computer system, and/or computer network.

114.   Plaintiff owns the data that comprises the Misappropriated Trade Secrets obtained by Defendants as alleged above.

115.   As a direct and proximate result of Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, caused damages to Plaintiff in an amount over $75,000 to be proven at trial by its unlawful conduct within the meaning of California Penal Code § 502.   Plaintiff is also entitled to recover its reasonable attorneys' fees pursuant to California Penal Code § 502(e).

116.   Plaintiff is informed and believes that the aforementioned acts of the Defendant Hacker  and his/her/its co-conspirators, including but not limited to DOES 2 through 100, were willful and malicious in that actions of    Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, described above were done with the deliberate intent to injure Plaintiff's business and improve their own.  Plaintiff is therefore entitled to punitive damages.

117.   Plaintiff has also suffered irreparable injury from these acts, and due to the continuing threat of such injury, has no adequate remedy at law, entitling Plaintiff to injunctive relief.

## SIXTH CAUSE OF ACTION

### Uniform Trade Secrets Act (Cal. Civ. Code § 3426, et seq.)

### (Against Defendant Hacker and DOES 2 Through 100)

118.   Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1-117, above, as though fully set forth.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

119.   The Misappropriated Trade Secrets consist of information that has been developed at great expense to Plaintiff.

120.   The Misappropriated Trade Secrets contain trade secrets, which include sensitive, proprietary, private, confidential and privileged communications, data, information and documents directly related to Plaintiff's business and therefore, derive independent economic value from not being generally known to the public or to other persons who can obtain economic value from their disclosure or use.

121.   The Misappropriated Trade Secrets are maintained in a protected database and access to that information is provided only as needed to conduct its business operations. Indeed, Plaintiff's efforts to maintain the secrecy of the Misappropriated Trade Secrets meet or exceed industry standards.

122.   Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, knowingly accessed and without permission used the Misappropriated Trade Secrets in order to devise and/or execute a scheme to defraud and deceive and misappropriate Plaintiff's information for the benefit of their own competing business.

123.   In effect, Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, were engaged in business espionage directed at stealing the Misappropriated Trade Secrets, which are protected trade secrets under California law.

124.   Based upon information and belief, Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, misappropriated at least part of the Misappropriated Trade Secrets through the efforts described above and knew or had reason to know that these trade secrets, the rights to which belong to Plaintiff, were acquired by improper means.

125.   Defendant Hacker and his/her its co-conspirators, including but not limited to DOES 2 through 100, created and/or developed the illegal postings that are highly offensive to the image and damaging to the business reputation of the Plaintiff using the

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Misappropriated Trade Secrets within the meaning of 47 U.S.C. §230(f)(3).   Thus, Defendant Hacker and his/her its co-conspirators, including but not limited to DOES 2 through 100, as having created and/or developed the illegal postings placed on other Defendants' websites, are liable as developers and are not entitled to immunity under Communications Decency Act, 47 U.S.C. §230.

126.   As a direct and proximate result of Defendants' foregoing conduct, Plaintiff has suffered damages and losses in an amount to be determined at trial but estimated to exceed $75,000.

## SEVENTH CAUSE OF ACTION

### Intentional Interference with Prospective Economic Advantage

### (Against Defendant Hacker and DOES 2 Through 100)

127.   Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1-126, above, as though fully set forth.

128.   Plaintiff has an expectancy in continuing and advantageous economic relationships with its current and prospective customers, fans, staff, players, advertisers, suppliers, sponsors and/or vendors.

129.   These relationships contained the probability of future economic benefits. Had Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, refrained from engaging in the unlawful and wrongful conduct described in this Complaint, there is a substantial probability that Plaintiff would have increased its future economic benefits.

130.   On information and belief, Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, were aware of these economic relationships and intended to interfere with and disrupt them by unlawfully and wrongfully taking and using the Misappropriated Trade Secrets.   These acts were undertaken by Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, to obtain for themselves the Misappropriated Trade

-41-

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Secrets and benefits therefrom at Plaintiff's expense, and without the cost of competing fairly by independently developing the same materials.

131.   Conduct of Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, was wrongful by a measure beyond the fact of the interference itself.  Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, gained unauthorized access to the Misappropriated Trade Secrets through false or improper credentials.

132.   This conduct, as alleged above, constitutes violations of numerous state and federal statutes and regulations as well as common law causes of actions.

133.   As a result of the actions of Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, Plaintiff's relationships have been actually disrupted.

134.   As a direct and proximate result of the actions of Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, Plaintiff has suffered economic harm.  Defendants' wrongful conduct was a substantial factor in causing this harm.

135.   Unless Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, are restrained by appropriate injunctive relief, their actions are likely to continue and recur and will cause Plaintiff irreparable injury for which there is no adequate remedy at law.

136.   Defendant Hacker and his/her/its co-conspirators including but not limited to DOES 2 through 100, interfered with Plaintiff's prospective economic advantage with its current and future customers, fans, staff, players, advertisers, suppliers, sponsors, and/or vendors as described above, and such interference was willful, malicious, oppressive, and in conscious disregard of Plaintiff's rights, and Plaintiff is therefore entitled to an award of punitive damages to punish their wrongful conduct and deter future wrongful conduct.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

## EIGHTH CAUSE OF ACTION

### Negligent Interference With Prospective Economic Advantage

### (Against All Defendants)

137.  Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1-136, above, as though fully set forth.

138.  Plaintiff has an expectancy in continuing and advantageous economic relationships with its current and prospective customers, fans, staff, players, advertisers, suppliers, sponsors and/or vendors.

139.  These relationships contained the probability of future economic benefits. Had Defendants refrained from engaging in the unlawful and wrongful conduct described in this Complaint, there is a substantial probability that Plaintiff would have increased its future economic benefits.

140.  Defendants knew or should have known about the economic relationship, described above, and knew or should have known that these relationships would be interfered with and disrupted if Defendants failed to act with reasonable care in their conduct related to the Misappropriated Trade Secrets.

141.  As a result of Defendants' failure to act with reasonable care, Plaintiff's relationships have been actually disrupted.

142.  As a direct and proximate result of Defendants' actions, Plaintiff has suffered economic harm.  Defendants' wrongful conduct was a substantial factor in causing this harm.

143.  Unless Defendants are restrained by appropriate injunctive relief, their actions are likely to continue and recur and will cause Plaintiff irreparable injury for which there is no adequate remedy at law.

/ / /

/ / /

/ / /

/ / /

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

## NINTH CAUSE OF ACTION

### Unfair Competition - Cal. Bus. & Prof. Code § 17200 et seq.)

### (Against Defendant Hacker and DOES 2 Through 100)

144.   Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1-143, above, as though fully set forth.

145.   Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, have engaged in unlawful business acts or practices by committing acts including computer fraud, trespass, conversion, interference with business relationships, and other illegal acts and practices as alleged above, all in an effort to gain unfair competitive advantage over Plaintiff.

146.   The acts and conduct of Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, constitute fraudulent, unlawful, and unfair competition as defined by California Bus. & Prof. Code §§ 17200, et seq.

147.   Conduct of Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, constitutes violations of numerous state and federal statutes and regulations as well as common law causes of actions.

148.   Unfair business practices of Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, have unjustly minimized Plaintiff's competitive advantage and have caused and are causing Plaintiff to suffer damages.

149.   As a result of such unfair competition, Plaintiff has also suffered irreparable injury and, unless Defendants are enjoined from such unfair competition, will continue to suffer irreparable injury, whereby Plaintiff has no adequate remedy at law.

150.   Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, should be compelled to disgorge and/or restore any and all revenues, earnings, profits, compensation, and benefits they may have obtained in violation of California Business & Professions Code § 17200 et seq., including, but not

-44-

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

limited to, returning the value of the stolen property itself and any revenue earned from it, and should be enjoined from further unlawful, unfair, and deceptive business practices.  Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, should further be ordered to return all materials taken from Plaintiff, and all copies of such, in their possession, custody, or control.

## TENTH CAUSE OF ACTION

### Conversion

### (Against Defendant Hacker and DOES 2 Through 100)

151.   Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1-150, above, as though fully set forth.

152.   Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, intentionally and willfully entered Plaintiff's protected computers without permission and took possession of Plaintiff's property, including, but not limited to, the Misappropriated Trade Secrets.

153.   The Misappropriated Trade Secrets are the sole and exclusive property of Plaintiff.   Plaintiff has an exclusive right to possession and distribution of such property, which is valuable to Plaintiff and vital to its continued business operations.

154.   Plaintiff at no time gave consent, expressly or impliedly, to Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, to copy, download, remove, retain, or distribute such property.

155.   Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, have been in knowing and unauthorized possession and control of such property since at least 2017.  Since that time, Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, may have been obtaining unjust and substantial benefit from the sale and distribution of Plaintiff's property to third parties without Plaintiff's consent.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

156.   Defendants' improper assumption and exercise of dominion and control over Plaintiff's property will continue to interfere with and diminish Plaintiff's rights in that property.

157.   Allowing Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, to retain the benefits received as a result of their wrongful acts would unjustly benefit Defendants at Plaintiff's expense.

158.   As a direct and proximate result of the actions of Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, and other Defendants, Plaintiff has lost, and will continue to lose, value in such property, in an amount to be determined at trial.   Defendants' wrongful conduct was a substantial factor in causing this harm.

159.   Plaintiff is entitled to an award of the value of the property taken, with interest, and other damages in an amount to be proven at trial.   In addition, or in the alternative, Plaintiff is entitled to damages and repossession of the converted property. In addition, or in the alternative, Plaintiff is entitled to restitution of the ill-gotten gains of Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100.   Plaintiff will seek its election of remedies at trial.

## ELEVENTH CAUSE OF ACTION

### Trespass To Chattels

### (Against Defendant Hacker and DOES 2 Through 100)

160.   Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1-159, above, as though fully set forth.

161.   At all times mentioned in this Complaint, Plaintiff had legal title to and actual possession of the Misappropriated Trade Secrets.

162.   Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, intentionally interfered with Plaintiff's use or possession of the Misappropriated Trade Secrets.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

163.   Trespass and interference with the Misappropriated Trade Secrets by Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, proximately caused damage to Plaintiff, including, but not limited to, damage to the functionality of Plaintiff's computer system and data, damage to Plaintiff's rights to dominion and control over its property, and damage to the confidential nature of the Misappropriated Trade Secrets.   As a result, Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, caused Plaintiff's property to greatly diminish in value and deprived Plaintiff of the intended use of its computer systems.

164.   Plaintiff is entitled to recover any and all damages it sustained as a result of such trespass, in an amount to be determined at trial.

165.   Trespass and interference of Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, damaged the integrity and functionality of Plaintiff's computer system and data.   Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, will continue to commit such acts and other competitors will be encouraged to sweep the Internet to access the Misappropriated Trade Secrets, preventing Plaintiff from using its systems and data for their intended purpose.   Trespass committed by Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, therefore threatens to cause irreparable harm to Plaintiff, for which Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted and threatened.

## TWELFTH CAUSE OF ACTION

### Unjust Enrichment/Restitution

### (Against Defendant Hacker and DOES 2 Through 100)

166.   Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1-165, above, as though fully set forth.

167.   Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, unjustly received benefits at the expense of Plaintiff through

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

their wrongful conduct, including Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, interference with Plaintiff's business relationships and other unfair business practices. By committing trespass and computer fraud and conversion of the Misappropriated Trade Secrets, Defendant Hacker and his/her/its co-conspirators, including but not limited to DOES 2 through 100, continue to unjustly retain these benefits at the expense of Plaintiff. It would be unjust for Defendant Hacker and his/her/its co-conspirators to retain any value they obtained as a result of their wrongful conduct.

168. Plaintiff is accordingly entitled to full restitution of all amounts in which Defendants have been unjustly enriched at Plaintiff's expense.

### THIRTEENTH CAUSE OF ACTION

### Declaratory Relief

### (Against All Defendants)

169. Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1-168, above, as though fully set forth.

170. An actual controversy has arisen between Plaintiffs and Defendants, and each of them, with respect to the rights, obligations and duties of the parties, warranting the issuance of a declaratory judgment.

171. Plaintiff seeks preliminary and/or permanent injunctive relief to protect its rights and avoid the injuries described herein. A favorable decision would redress in part and prevent the continuation of irreparable injuries to Plaintiff, for which Plaintiff has no adequate remedy at law or in equity.

172. Defendants will incur little to no burden if the relief sought here is granted.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. Adjudging that the actions of Defendant Hacker and his/her/its co-conspirators , including but not limited to DOES 2 through 100, violated The Computer Fraud

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

and Abuse Act, 18 U.S.C. § 1030, the Stored Communications Act, 18 U.S.C. §§ 2701 et seq.;

B. Adjudging that Defendants Misappropriated Trade Secrets under the Defend Trade Secrets Act, 18 U.S.C. §§ 1831 et seq. and the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 et seq.;

C. Enjoining the Defendants, their affiliates, employees, agents, and representatives, and all persons acting in concert or participation with Defendants, from using, disclosing, disseminating, posting, displaying, sharing, distributing, hosting, copying, viewing, accessing, providing access to or making available to anyone, in any manner whatsoever, any of the Misappropriated Trade Secrets;

D. Ordering the disabling of all websites publicly displaying the Misappropriated Trade Secrets and of all hyperlinks to the Misappropriated Trade Secrets, including but not limited to:

   (1)   https://mercadodebenficapolvo.wordpress.com/

   (2)   https://oartistadodia.blogspot.com/

   (3)   http://rgho.st/7stx6rdp4

   (4)   http://rgho.st/8YyznVpbx

   (5)   http://rgho.st/7PT7ZfP4Y

   (6)   http://rgho.st/6SgLQgQQy

   (7)   http://rgho.st/8hMWXJqqP

   (8)   http://rgho.st/6ZG5Vyc4M

   (9)   http://rgho.st/8S44FwzTB

   (10)  http://rgho.st/7VkqHn8sx

   (11)  http://rgho.st/6SXFPSyYj

   (12)  http://rgho.st/7jwkJYFjM

   (13)  http://rgho.st/6YPM62RXc

   (14)  http://rgho.st/78PZpM5W4

   (15)  http://rgho.st/74qZn7Zb2

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

(16)   http://rgho.st/7ZHVb9shn

(17)   http://rgho.st/6cMPqLrnj

(18)   http://rgho.st/7r4fybdrL

(19)   http://rgho.st/8HFGpHvRv

(20)   http://rgho.st/6VmLNbfSx

(21)   http://rgho.st/6kKnxgfcz

(22)   http://rgho.st/8KsMXsBFb

(23)   http://rgho.st/692dDF8Jx

(24)   http://rgho.st/6mzzkC8VL

(25)   http://rgho.st/8mYsFL6B6

(26)   http://rgho.st/7qbkfH7vv

(27)   http://rgho.st/8NnVNGzK5

(28)   http://rgho.st/8T7S2KWwz

(29)   http://rgho.st/62Zlqx7Xk

(30)   http://rgho.st/6WBrwjH9L

(31)   http://rgho.st/8Yym54rJK

(32)   http://rgho.st/8lBQhnvtD

(33)   http://rgho.st/6m4thFjKC

(34)   http://rgho.st/6c4BZbxbB

(35)   http://rgho.st/8jWhv6fPT

(36)   http://rgho.st/7X2TWM2QD

(37)   http://rgho.st/6fJzBbw5R

(38)   http://rgho.st/8SM8RTmQP

(39)   http://rgho.st/6ZLvvfKxP

(40)   http://rgho.st/7vf5BYswb

(41)   http://rgho.st/6g9tYTyXQ

(42)   http://rgho.st/7DhNRQs6y

(43)   http://rgho.st/8kBW8zRPW

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

| | | |
|---|---|---|
| 1 | (44) | http://rgho.st/6gXbL7rJB |
| 2 | (45) | http://rgho.st/6lWLr5mHx |
| 3 | (46) | http://rgho.st/8jsd5dRgh |
| 4 | (47) | http://rgho.st/7GMM6nz5c |
| 5 | (48) | http://rgho.st/82KMThyQ8 |
| 6 | (49) | http://rgho.st/7Kszx6smM |
| 7 | (50) | http://rgho.st/8Tjkdbqjz |
| 8 | (51) | http://rgho.st/6CvZQcXnr |
| 9 | (52) | http://rgho.st/6h7jRHYg5 |
| 10 | (53) | http://rgho.st/7ptwQkdrG |
| 11 | (54) | http://rgho.st/66qcWpFFY |
| 12 | (55) | http://rgho.st/6BxyLMRN6 |
| 13 | (56) | http://rgho.st/7n5xFFCj9 |
| 14 | (57) | http://rgho.st/8XFQsVDTV |
| 15 | (58) | http://rgho.st/76MyPwM76 |
| 16 | (59) | http://rgho.st/8ssW5GH8r |
| 17 | (60) | http://rgho.st/6yWlcSCpk |
| 18 | (61) | http://rgho.st/6hptMMh8r |
| 19 | (62) | http://rgho.st/8k2qq2nb2 |
| 20 | (63) | http://rgho.st/6yqK2Qh5C |
| 21 | (64) | http://rgho.st/6z9dDCrgm |
| 22 | (65) | http://rgho.st/8WzLZ67lS |
| 23 | (66) | http://rgho.st/8B8YCdLd8 |
| 24 | (67) | http://rgho.st/8kRdTdzV6 |
| 25 | (68) | http://rgho.st/7ND5Xqwzr |
| 26 | (69) | http://rgho.st/6qgJT4zYL |
| 27 | (70) | http://rgho.st/7zscrzbR5 |
| 28 | (71) | http://rgho.st/7hrqmz59t |

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

(72)  http://rgho.st/8RkgcLyYq

(73)  http://rgho.st/85YybMlDq

(74)  http://rgho.st/8JRlBXvD2

(75)  https://oartistadodia.blogspot.com/2017/12/o-negocio-rafa.html

(76)  https://oartistadodia.blogspot.com/2017/12/o-negocio-jimenez.html

(77)  https://oartistadodia.blogspot.com/2017/12/preco-atrativo-na-negociacao-com-as.html

(78)  https://oartistadodia.blogspot.com/2017/12/a-blogs-tale.html

(79)  https://oartistadodia.blogspot.com/2017/12/reportando-direitos-de-terceiros-pela.html

(80)  https://oartistadodia.blogspot.com/2018/02/os-pagamentos-indiretos-do-benfica-via.html

(81)  https://oartistadodia.blogspot.com/2018/03/o-juiz-angariador.html

(82)  https://oartistadodia.blogspot.com/2018/03/o-aprendiz-de-diplomata.html

(83)  https://oartistadodia.blogspot.com/2018/03/o-instituto-dos-profissionais-das-borlas.html

(84)  https://oartistadodia.blogspot.com/2018/04/quem-e-que-ainda-nao-tem-convites-ja.html

(85)  https://oartistadodia.blogspot.com/2018/04/benfica-to-rescue.html

(86)  https://oartistadodia.blogspot.com/2018/04/como-conquistar-o-poder-em-5-anos.html and

(87)  https://oartistadodia.blogspot.com/2018/04/quem-e-que-ainda-nao-tem-convites-ja.html;

E.  For a preliminary and permanent injunction restraining Defendants, their officers, agents, servants, employees, representatives, and attorneys, and those in active concert or participation with any of them from:

(1)  accessing any Plaintiff computer system, without Plaintiff's authorization;

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

(2)      selling, distributing, or using any property obtained from Plaintiff's computer system, including without limitation, the Misappropriated Trade Secrets;

(3)      removing, downloading or copying property from Plaintiff's computer system, including without limitation, the Misappropriated Trade Secrets;

(4)      otherwise engaging in acts of unfair competition and interference with Plaintiff's business relationships;

F. That the Court order Defendants to file with the Court and serve on Plaintiff within thirty (30) days after the service on Defendants of such injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

G. For an order directing Defendants to identify the Defendant Hacker;

H. For an order directing Defendant Hacker and his/her/its co-conspirators to return Plaintiff's property, including, without limitation, the Misappropriated Trade Secrets, that Defendant Hacker and his/her/its co-conspirators took from Plaintiff, as set forth in this Complaint;

I. That the Court order Defendant Hacker and his/her/its co-conspirators to pay Plaintiff punitive damages in a sum to be determined at trial, on the basis of their willful and deliberate unauthorized computer access, intentional interference with Plaintiff's prospective economic advantage, aiding and abetting and conspiracy;

J. For restitution and disgorgement of all ill-gotten gains unjustly obtained and retained by any Defendant through the acts complained of here;

K. For damages to be proven at trial;

L. For prejudgment interest;

M. For an accounting;

N. For an order awarding Plaintiff its attorneys' fees and costs; and,

/ / /

/ / /

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1      O. For an order awarding Plaintiff such other and further relief as the Court deems

2         just and proper.

3

4   Date: June 8, 2018               LEECH TISHMAN FUSCALDO & LAMPL

5                          By: /s/Christopher Gonzalez

6                             CHRISTOPHER GONZALEZ ESQ.
                          A. BRUCE BOWDEN, ESQ.

7                             IVAN POSEY, ESQ.

8                             ATTORNEYS FOR PLAINTIFF
                          Sport Lisboa e Benfica - Futebol SAD

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff hereby requests a jury trial in this matter.

3

4    Date: June 8, 2018

5                          **LEECH TISHMAN FUSCALDO & LAMPL**

6

7                          By:   /s/Christopher Gonzalez
                                 CHRISTOPHER GONZALEZ ESQ.
8                                A. BRUCE BOWDEN, ESQ.
                                 IVAN POSEY, ESQ.
9                                ATTORNEYS FOR PLAINTIFF
10                               *Sport Lisboa e Benfica - Futebol SAD*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**