1  Christopher Gonzalez Esq. (SBN 174455)
2  A. Bruce Bowden, Esq. *Admitted Pro Hac Vice*
   Ivan Posey, Esq. (SBN 196386)
3  Leech Tishman Fuscaldo & Lampl, Inc.
4  A Professional Corporation
   200 South Los Robles Avenue, Suite 210
5  Pasadena, CA 91101
6  Telephone No.: (626) 796-4000
   Facsimile No.: (626) 795-6321
7
8  Attorneys For Plaintiff
   *Sport Lisboa e Benfica - Futebol SAD*
9

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| SPORT LISBOA E BENFICA - FUTEBOL SAD, | Civil Action No. 18-cv-2978<br>Hon. Ronald S.W. Lew |
|---|---|
| PLAINTIFF, | |
| VS. | **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER: (1) PERMITTING SERVICE OF SUMMONS AND COMPLAINT VIA EMAIL; AND (2) EXTENDING DEADLINE TO SERVE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES (FRCP 4(f)(3) and 4(h))** |
| JOHN DOE 1, AN UNKNOWN PERSON OR ENTITY, etc. et al. | |
| DEFENDANTS. | |
| | Hearing Date: August 7, 2018<br>Time: 10:00 a.m.<br>Judge: Hon. Ronald S.W. Lew<br>Courtroom: TBD |

**MOTION FOR EMAIL SERVICE AND EXTENSION OF TIME TO SERVE**

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 7, 2018, at 10:00 a.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Ronald S.W. Lew, located at 350 West 1st Street, Los Angeles, California 90012, Plaintiff Sport Lisboa e Benfica – Futebol, SAD ("Benfica") will, and it hereby does move this Court for leave to serve the Summons, First Amended Complaint ("FAC") and other relevant documents in this action by email upon Defendants Realistic Group, LLC ("Realistic Group"), Regtime Ltd. ("Regtime") and FranTech Solutions ("FranTech").  Benfica also hereby moves this Court for an entry of Order extending the time by 45 days for Benfica to complete the service of Summons and FAC and other relevant documents on Defendants Realistic Group, Regtime and FranTech, up to and including, August 23, 2018.

The foregoing is made pursuant to Rule 4(f)(3) and 4(h) of the Federal Rules of Civil Procedure on the grounds that Defendants Realistic Group and Regtime are located in the Russian Federation, therefore Plaintiff Benfica is unable to accomplish the service of process of Defendants Realistic Group and Regtime through the Hague Convention or by mail, and upon further grounds that those sections, taken together permit the Court to enter an order granting service of Defendants Realistic Group, Regtime and FranTech by email.

This motion will be based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Christopher Gonzalez, the records and files in this action, the arguments of counsel and on any other matter the Court may consider at the hearing on the motion.

Date: July 3, 2018                    LEECH TISHMAN FUSCALDO & LAMPL

                                      By: /s/Christopher Gonzalez
                                           Christopher Gonzalez Esq.
                                           A. Bruce Bowden, Esq.
                                           Ivan Posey, Esq.
                                           Attorneys For Plaintiff Sport Lisboa e
                                           Benfica - Futebol SAD

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 4(f)(3) and 4(h), Plaintiff Benfica submits this memorandum of points and authorities in support of its motion for leave to serve Defendants Realistic Group, Regtime and FranTech by email because Defendants Realistic Group and Regtime are located in the Russian Federation and Benfica is unable to serve them through the Hague Convention or by mail.

Additionally, this memorandum of points and authorities is also in support of its motion for leave to serve Defendant FranTech which is located in Canada by email in the event that the Canadian Central Authority determines that the current physical address is not a place of business of FranTech, and as such, it cannot accomplish the service of FranTech in compliance with the Hague Convention.

Finally, Plaintiff Benfica seeks the Court for an entry of order extending the time by 45 days up to, and including, August 23, 2018 for Benfica to complete the service of Summons and Complaint on the Foreign Defendants.

Defendants Realistic Group and Regtime are business entities located in the Russian Federation. Therefore, Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention") is impossible since the Russian Federation unilaterally suspended all judicial cooperation with the United States in civil and commercial matters in the year 2003.

Canada, where Defendant FranTech is located, is a signatory to the Hague Convention and the service of FranTech is currently underway in compliance with the Hague Convention. However, if it turns out that FranTech's physical address and Benfica cannot determine a new address for FranTech, then the Hague Convention would not apply to the service of FranTech. As such, an alternate service by email of FranTech would also be appropriate under Rule 4(f)(3).

Additionally, Benfica provided notice of this lawsuit by emailing copies of the Summons, FAC and other relevant documents to Realistic Group at the email address,

contact@realisticgroup.com; to Regtime at the following email addresses: s.shar@retime.net and services@webnames.ru; and to FranTech at the email address, franchesco@frantech.com on June 27, 2018. The email transmissions to Defendants, Realistic Group, Regtime and FranTech were successful because none of the emails to the Defendants "bounced back."

Rule 4(f)(3) allows for service on an individual in a foreign country by "means not prohibited by international agreement, as the court orders." Here, Russia does not prohibit email service. Moreover, pursuant to Federal Rule of Civil Procedure 4(h), a corporation may be served out of the United States judicial district in the same manner for serving an individual permitted under Rule 4(f) except for personal delivery under (f)(2)(C)(i). Therefore, allowing service of the Defendants Realistic Group and Regtime in the Russian Federation by email is reasonably calculated under the circumstances to provide the Defendants with actual notice of the lawsuit against them. Furthermore, allowing service of the Defendant FranTech in Canada by email is reasonably calculated to provide the FranTech with actual notice of the lawsuit against it in the event the FranTech cannot be located at the last known address in order to accomplish the service of process in compliance with the Hague Convention.

## II.   BACKGROUND

### A.   Plaintiff Sport Lisboa e Benfica – Futebol, SAD

Plaintiff Sport Lisboa e Benfica – Futebol, SAD, a Portuguese public limited company commonly known as "Benfica" is a multisport club based in Lisbon, Portugal. Benfica is one of the "big three" clubs of the Primeira Liga (the top tier soccer league in Portugal) and the most supported Portuguese club, with an estimated 14 million supporters worldwide, and the European club with the highest percentage of supporters in its own country. One of the most valuable trade secrets of Plaintiff Benfica's business is its proprietary information regarding player transfers used in operating its professional football team. This includes, for example, Benfica's contracts with its

players, information regarding recruiting selecting, drafting and trading of players and corporate resolutions regarding player transfers.

### B.     Misappropriation of Benfica's Trade Secrets

At some point, the exact date of which is unknown, hacker, referenced in Benfica's complaint as "JOHN DOE 1" or "Defendant Hacker," improperly acquired Plaintiff's trade secrets which were previously unknown to the public, including Benfica's contracts with its players, information regarding recruiting selecting, drafting and trading of players and corporate resolutions regarding player transfers.  See DN 41 (First Amended Complaint ("FAC,"), at ¶¶ 2, 25-26.)  Defendant Hacker then posted Benfica's trade secrets on various websites, including websites maintained and/or operated by the domestic and foreign Defendants named in the Complaint, including Realistic Group, Regtime and FranTech. (*Id.* at ¶¶ 26, 31-32, 34.)  All of the domestic and foreign Defendants named in the Complaint (collectively referred to as "ISPs") are in the business of providing Internet service world-wide, including but not limited to, maintaining and/or hosting websites.  (*Id.* at ¶¶ 8-14).  Benfica sent take-down notices to the Defendant ISPs demanding the take down of postings displaying Benfica's trade secrets. (*Id.* at ¶ 36)  However, several ISPs, including FranTech, as well as Realistic Group and Regtime which operate and/or maintain http://RGho.st website, have not complied with Benfica's take-down demand (*Id.*).  Therefore, on April 9, 2018, Benfica commenced this action against domestic and foreign Internet service providers, including Realistic Group, Regtime and FranTech. (Compl., DN 1).  More recently, Benfica learned that since the filing of this instant action, new materials containing Benfica's trade secrets have been posted on public websites.  Consequently, Benfica believes that it is being damaged as a result of the previously posted materials that have not been removed as well as the new materials containing Benfica's trade secrets that are presently being posted on the websites of the domestic and Foreign Defendants named in Benfica's current operative complaint. (*Id.* at ¶¶ 82-83, 101-102.)

3

**MOTION FOR EMAIL SERVICE AND EXTENSION OF TIME TO SERVE**

**C. Plaintiff's Good Faith Efforts to Find Physical Addresses of Defendants Realistic Group and Regtime**

Benfica has made extensive efforts during the past six months to find physical locations or principle places of business of Realistic Group and Regtime and Benfica also attempted to locate its principals but has been unable to do so. (Gonzalez Decl., ¶ 2, Exh. A.) Example of such investigative efforts include online searches and investigation utilizing a private cyber security firm and a law firm located in Moscow to find physical locations of foreign Defendants. (Gonzalez Decl., ¶ 2.) However, information from these investigations on the physical locations of Realistic Group and Regtime is contradictory. (Gonzalez Decl., ¶ 2, Exh. A.) Results of Benfica's investigation indicate that Realistic Group may be headquartered either in Moscow or 200 miles away in Rybinsk. (Exh. A.) Although information on public websites indicate that Realistic Group is headquartered in Moscow, Benfica found no address in Moscow for Realistic Group. Therefore, Benfica's counsel requested information about the possible address of Realistic Group in Rybinsk. (Gonzalez Decl., ¶ 2.) Russian law firm of Lidings informed Benfica's counsel, upon performing a preliminary search using its local contact in Rybinsk, that it is unlikely that Realistic Group or its computer servers supporting a robust online file sharing platform such as http://rgho.st would be physically located at the Rybinsk address, as the location turned out to be a residential apartment located above a small grocery store. Similarly, Benfica's investigation developed contradicting information regarding the whereabouts of Regtime. Some of the information suggested that Regtime, which owns and operates webnames.ru website was in Samara, while other information suggested it was 659 miles away in Moscow.

Even though the available information regarding the physical locations of Realistic Group and Regtime is contradictory, Benfica's investigation results consistently show the same email addresses for Defendants Realistic Group, Regtime and FranTech.

### III.   ARGUMENT

**A.   Hague Convention Does Not Apply to the Service of Realistic Group and Regtime Located in the Russian Federation.**

Although Russia is a signatory to the Hague Convention, the Russian Federation has "'unilaterally suspended all judicial cooperation with the United States in civil and commercial matters in 2003.'" (*Nuance Communications, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1238 (Fed. Cir. 2010) (quoting the circular published by U.S. State Department on Russia Judicial Assistance). Likewise requests sent directly by litigants to the Russian Central Authority under the Hague Service Convention are returned unexecuted. *See* https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/RussianFederation.html, last visited 6/19/2018. Thus, service of Realistic Group and Regtime via the Hague Convention is simply not possible. (Gonzalez Decl., ¶ 4, Exh. B.)

A signator to the Hague Convention may consent to other methods of service such as service by mail. *See* 20 U.S.T. 361, T.I.A.S. No. 6638, Art. 10. But, Russia has objected to this provision as well. (*Id.*) For example, Article 10 provides for methods of service by postal channels as well as services directly through officials and "other competent persons in the State of destination." (*Id.*) Consequently, service on Realistic Group and Regtime by the Hague Convention and by mail is also not possible.

**1.   Benfica Has Satisfied the Requirements for Authorization of Service On Realistic Group and Regtime Via Email Under Fed. R. Civ. P. 4(f)(3).**

Where a service of process under the Hague Convention is not available, as is the case here, Rule 4(f)(3) governs service of process in foreign countries to permit service "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). One of the "other means" U.S. courts have authorized plaintiffs to utilize is email. The standard for authorizing email service upon foreign defendants is set forth in *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014, 1016-17 (9th Cir. 2002). The Ninth Circuit held in *Rio Props.,* that under Rule 4(f)(3) a plaintiff is required to show

that (1) service is not prohibited by international agreement, and (2) the method of service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1016-17. As set forth below, the standard for service by email is met here.

### a. Service by Email Upon the Defendants Located in the Russian Federation Is Not Prohibited by International Agreement.

Here, Benfica is not aware of any international agreements prohibiting service by email. Indeed, at least one court in this district has noted that the Russian Federation does not prohibit service by email. *See* also *DisputeSuite.com, LLC v. Credit Umbrella Inc.*, No. CV146340MWFMANX, 2015 WL 12911757, at *4 (C.D. Cal. June 2, 2015) ("Moreover, the Court is not aware of any other international agreements with Russia prohibiting service via email."). Moreover, Ninth Circuit held in *Rio Props., Inc.* that a plaintiff does not need to show that it has unsuccessfully attempted service via other methods before email service can be approved under Rule 4(f)(3). *See* 284 F.3d at 1016.

### b. Service by Email Is Reasonably Calculated to Provide Notice of This Lawsuit.

Under the second prong of the *Rio Props* standard, the method of service sought must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314.)

Allowing email service on Realistic Group, Regtime and FranTech in the instant case complies with the Due Process requirement, because Defendants Realistic Group, Regtime and FranTech are engaged in providing Internet services, the Defendants transact businesses predominantly through the World Wide Web using emails and other electronic means. More importantly, Defendants Realistic Group and Regtime provided

6

**MOTION FOR EMAIL SERVICE AND EXTENSION OF TIME TO SERVE**

email addresses on its respective websites and each has permitted publications of additional contact emails on other public websites as a method of contacting the company.  *See* Exh. C.  Moreover, neither Realistic Group nor Regtime has publicly disclosed the physical addresses of its headquarters or its principle places of business.  *Id.*  Therefore, in this case, it is logical to infer that email is the most likely method for Defendants Realistic Group and Regtime to receive correspondence since each of these Defendants have listed their emails on their respective websites as a method for contacting the company.

Therefore, in this case, email service of Summons and Complaint on Defendants Realistic Group and Regtime would provide a "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,*339 U.S. 306, 314.)

**B.    An Alternate Service by Email of FranTech Is Appropriate Under Rule 4(f)(3) If It Turns Out That Its Physical Address is No Longer Valid.**

Email service of foreign defendants such as Realistic Group and Regtime is appropriate when the defendants' physical addresses are unknown.  Naturally, where physical address of a defendant remains unknown, the Hague Convention does not apply.  Hague Convention, Art. 1, 20 U.S.T. 361, 658 U.N.T.S. 163.  Therefore, although the service of FranTech is currently underway in compliance with the Hague Convention, in the event that the service of FranTech cannot be accomplished because FranTech's last known address is no longer valid and a new address cannot be determined, the Hague Convention would not apply to the service of FranTech.

Thus, in an abundance of caution, Benfica requests that the Court order that service on FranTech via email will be permitted if FranTech is not at its last known address and a new address cannot be found.

7

**MOTION FOR EMAIL SERVICE AND EXTENSION OF TIME TO SERVE**

### C. The Last Known Email Addresses of Realistic Group, Regtime and FranTech All Appear to be Valid, Working Addresses.

On June 27, 2018, Benfica's counsel sent test mails to the three foreign Defendants Realistic Group, Regtime and FranTech with copies of Summons, FAC and other relevant documents in this case. (Gonzalez Decl., ¶ 5, Exh. D.) Benfica's counsel verified that the email addresses used were valid because the emails did not bounce back and Benfica's Counsel did not receive any notification that the emails were not delivered. (Gonzalez Decl., ¶ 5, Exh. D.) In *Assef v. DOES 1-10,* the court held that service by email to foreign defendants was appropriate because plaintiff's prior message to defendant by email did not bounce back and under the circumstances, email was the only reasonable method to contact the defendants. *Assef v. Does 1-10*, No. 15-cv-01960-MEJ, 2016 WL 1191683, at *3-4 (N.D. Cal. Mar. 28, 2016)  Similarly, in our case, the service by email on Realistic Group, Regtime and FranTech is warranted because email service is not prohibited by international agreement and it is also reasonably calculated and the most likely method under the circumstances to provide the Defendants here with actual notice of the lawsuit against them.  Our Ninth Circuit held that an email service is warranted where a website company "structured its business such that it could be contacted only via its email address" and, has "designated its email address as its preferred contact information." *See Rio Props.*, 284 F.3d at 1018.

Furthermore, FranTech's founder Francisco Dias has sent a reply email to Benfica's counsel in response to the test email sent on June 27, 2018, indicating that he received copies of Summons, FAC and other relevant documents in this case. (Gonzalez Decl., ¶ 7, Exh. F.)

### D. Request for Extension of Time to Serve Foreign Defendants

According to Rule 4(m) of the Federal Rules of Civil Procedure, summons and complaint must be served on a defendant within 90 days after the filing of the complaint. If the deadline is not met, the Court, on a showing by plaintiff of "good

1  cause" for the failure to serve within the 90 days "must extend the time for service for
2  an appropriate period." Fed. R. Civ. P. 4(m).
3    Here, the Complaint was filed on April 9, 2018 and the deadline to complete the
4  service of process is July 9, 2018.  Presently, Plaintiff Benfica has completed the
5  service of process on all domestic Defendants named in the Complaint but the three
6  foreign Defendants Realistic Group, Regtime and FranTech have not yet been served.
7  However, Rule 4(m) also provides that the 90-day deadline does not apply to the service
8  of business entities located in foreign countries, "this subdivision (m) does not apply to
9  service in a foreign country under Rule 4(f), 4(h)(2) or 4(j)(1)." (*Id.*)  Nevertheless, in
10 the abundance of caution, Benfica sets forth the following to show that "good cause"
11 exists for the Court to grant Benfica an extension of the deadline to serve foreign
12 Defendants Realistic Group, Regtime and FranTech.
13    As set forth in the accompanying Gonzalez Declaration, service on FranTech
14 under the Hague Convention began on May 16, 2018 when Canada's Central Authority
15 received the necessary paperwork to start the service of process under the Hague
16 Convention (Gonzalez Decl., ¶ 6, Exh. E.).  First Legal Investigation, an independent
17 process server informed Benfica's counsel that the service of Defendant FranTech
18 under the Hague Convention may take one to three months from May 16, 2018 when
19 the Canadian Central Authority received the necessary paperwork in the case. (*Id.*)
20 Clearly, as to FranTech, the good cause standard is met.
21    As to Realistic Group and Regtime, Benfica's counsel made extensive efforts
22 during the past six months to find physical locations of these Defendants located in the
23 Russian Federation.  As described in detail above, the fact that Benfica is requesting
24 additional time to serve Realistic Group and Regtime was due to the fact that Benfica
25 could not locate their physical whereabouts in spite of its investigation efforts utilizing a
26 variety of methods.  These circumstances show that good cause exists for the Court to
27 grant an extension of the deadline to serve Defendants Realistic Group and Regtime.
28 (Gonzalez Decl., ¶ 2).  Therefore, Benfica respectfully request an additional 45 days, up

to and including, August 23, 2018 in which to serve complete the service of the foreign Defendants.

## IV.   CONCLUSION

For the reasons set forth above, Benfica respectfully requests that this Court enter an Order allowing Benfica to serve Summons and First Amended Complaint and other relevant documents on Realistic Group and Regtime via email at the following email addresses: contact@realisticgroup.com; s.shar@retime.net and services@webnames.ru. Benfica also respectfully requests the Court to allow Benfica to serve summons and First Amended Complaint on FranTech by email at francisco@frantech.ca and admin@frantech.ca in the event that the service of process of FranTech under the Hague Convention could not be completed at FranTech's last known address.

Further, Benfica also respectfully requests that this Court enter an order allowing Benfica an additional 45 days, up to and including, August 23, 2018 within which to serve the Summons and First Amended Complaint on the Foreign Defendants.

Date: July 3, 2018              LEECH TISHMAN FUSCALDO & LAMPL

                                By:  /s/Christopher Gonzalez
                                     Christopher Gonzalez Esq.
                                     A. Bruce Bowden, Esq.
                                     Ivan Posey, Esq.
                                     Attorneys For Plaintiff Sport Lisboa e
                                     Benfica - Futebol SAD