**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SPORT LISBOA E BENFICA - FUTEBOL SAD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JOHN DOE 1, AN UNKNOWN PERSON OR ENTITY; AUTOMATTIC INC., A DELAWARE CORPORATION; CLOUDFARE, INC., A DELAWARE CORPORATION; REALISTIC GROUP, LLC, AN ENTITY, FORM UNKNOWN; REGTIME LTD., AN ENTITY, FORM UNKNOWN; MARKMONITOR INC., A DELAWARE CORPORATION; GOOGLE, LLC, A DELAWARE LIMITED LIABILITY COMPANY; FRANTECH SOLUTIONS, AN ENTITY, FORM UNKNOWN; AND DOES 2-100, INCLUSIVE,<br><br>　　　　　Defendants. | CV 18-2978-RSWL-E<br><br>**ORDER re: Plaintiff's Motion for Order: (1) Permitting Service of Summons and Complaint Via Email; and (2) Extending Deadline to Serve Complaint** [45] |

　　Currently before the Court is Plaintiff Sport Lisboa e Benfica - Futebol, SAD's ("Plaintiff") Motion

for Order: (1) Permitting Service of Summons and Complaint Via Email; and (2) Extending the Deadline to Serve Complaint ("Motion") [45]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion.

### I. BACKGROUND

**A. Factual Background**

Plaintiff is a sports club and public limited liability company based in Lisbon, Portugal. First Am. Compl. ("FAC") ¶ 1, ECF No. 1. Defendants Realistic Group, LLC ("Realistic Group"), Regtime Ltd. ("Regtime"), and FranTech Solutions ("Frantech") (collectively, "Defendants") are internet service providers.[1] Pl.'s Mot. re Service ("Mot.") 3:12-15, ECF No. 45. Realistic Group and Regtime (the "Russian Defendants") are located in the Russian Federation, id. at 1:16-17, while Frantech is located in Canada, id. at 1:21.

Plaintiff's most valuable trade secret is its information regarding player transfers. FAC ¶ 2. This includes Plaintiff's contracts with its players; its information regarding the recruiting, drafting, and trading of players; and its decisions regarding player

---

[1] Additionally, Plaintiff is suing five other parties in this case: John Doe 1, a hacker whose identity is unknown, and Automattic, Inc.; Cloudfare Inc.; Markmoniter Inc.; and Google LLC, four internet service providers. Plaintiff has properly served the four internet service providers.

2

transfers.  Id.  Plaintiff alleges that Defendant John Doe 1 improperly acquired these trade secrets and uploaded them to various websites, including websites that Defendants maintained and/or operated.  Id. ¶¶ 4-6.

Plaintiff claims that it cannot find the Russian Defendants' physical locations, despite a six-month investigation that involved online searches, a private cyber-security firm, and a Moscow-based law firm.  Mot. 4:3-8.  The investigation has yielded contradictory information regarding the Russian Defendants' physical locations.  Id. at 4:8-10.  Regarding Realistic Group, Plaintiff was informed that it is located in either Moscow or 200 miles away in Rybinsk.  Id. at 4:10-12. However, Realistic Group does not have a Moscow address, and Plaintiff's Moscow-based law firm does not believe that Realistic Group's purported Rybinsk address is its actual physical location.  Id. at 4:13-20.  Regarding Regtime, some information suggests that it operates in Samara, while other information suggests that it operates 659 miles away in Moscow.  Id. at 4:20-23.

**B.  Procedural Background**

Plaintiff filed its Complaint [1] on April 9, 2018. Plaintiff filed its First Amended Complaint [41] on June 6, 2018.  Plaintiff filed the instant Motion [45] on July 4, 2018.  Defendants did not file an opposition.

3

**II. DISCUSSION**

**A. Legal Standard**

Federal Rule of Civil Procedure Rule ("Rule") 4(h)(2) states that a plaintiff may serve a foreign corporation "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(I)." Rule 4(f) states that a plaintiff may serve an individual (and thus a foreign corporation):

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>     (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>     (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>     (C) unless prohibited by the foreign country's law, by:
>         (i) delivering a copy of the summons and of the complaint to the individual personally; or
>         (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

**B. Discussion**

    1. <u>Request for Leave to Serve the Russian Defendants Via Email</u>

Plaintiff seeks to serve the Russian Defendants via email. Plaintiff argues that the Court should

4

authorize email service under Rule 4(f)(3) because (1) the United States does not have an international agreement with Russia that prohibits email service; (2) the Russian Defendants have not publicly disclosed their physical location; (3) the Russian Defendants do most of their business via email and other web-based applications, making email a particularly appropriate method to apprise them of this Action; and (4) the Russian Defendants provide email addresses on their respective websites and permit public websites to publish their respective emails as a method for contacting them. Mot. 6:6-10, 6:25-7:4.

    a. *Facial Permissiveness Under Rule 4(f)(3)*

Here, the Court recognizes that serving a defendant located in Russia is particularly difficult. Generally, foreign corporations are served under the Hague Convention provisions, which are referenced in Rule 4(f)(1). <u>Nuance Commc'ns, Inc. v. Abbyy Software House</u>, 626 F.3d 1222, 1237 (9th Cir. 2010). However, "the Russian Federation has objected to service under [the Hague Convention] provisions." <u>Id.</u> Moreover, in July 2003, Russia "unilaterally suspended all judicial cooperation with the United States in civil and commercial matters." <u>Id.</u> at 1238 (quotation omitted). According to the U.S. State Department on Russia Judicial Assistance, "requests sent [via diplomatic channels or] directly by litigants to the Russian Central Authority under the Hague Service Convention

are returned unexecuted." Id. at 1237 (quotation omitted). Consequently, courts have held that plaintiffs need not attempt service "under the Hague Convention before alternative service methods can be employed." Id. at 1238.

Given the difficulties cited above and that "the Court is not aware of any other international agreements with Russia prohibiting service via email," DisputeSuite.com, LLC v. Credit Umbrella Inc., No. CV146340MWFMANX, 2015 WL 12911757, at *4 (C.D. Cal. June 2, 2015), the Court finds that email service of the Russian Defendants is facially permissible under Rule 4(f)(3).

        b.   *Due Process*

However, "[e]ven if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process." Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002). To satisfy due process, a method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950). Regarding email, the Ninth Circuit will "leave it to the discretion of the district court to balance the limitations of email service against its benefits in any particular case." Rio Props., 284 F.3d at 1018.

In this case, service via email clearly comports with constitutional notions of due process. Plaintiff has shown in its Declarations and Exhibits that it cannot locate either Russian Defendants' valid physical address, despite a good faith effort to do so. See Bank Julius Baer & Co. v. WikiLeaks, No. C 08-00824 JSW, 2008 U.S. Dist. LEXIS 14758, at *5 (N.D. Cal. Feb. 13, 2008) (permitting email service where a plaintiff was unable to locate foreign defendants' valid physical addresses, but was able to locate their email addresses). Further, Plaintiff has shown that the Russian Defendants provided email addresses on their respective websites as a contact method. See Color Switch LLC v. Fortafy Games DMCC, No. 1:18-cv-0419 - DAD - JLT, 2018 U.S. Dist. LEXIS 85052, at *10 (E.D. Cal. May 21, 2018) (permitting email service where, among other factors, the defendant provided a contact email address on its website and designated it as its preferred contact information). Plaintiff has shown that those email addresses are valid, as it has sent test emails that have not "bounced back" or returned with a message informing Plaintiff that the email was undeliverable. See D.light Design v. Boxin Solar Co., No. C-13-5988 EMC, 2015 U.S. Dist. LEXIS 14683, at *6-7 (N.D. Cal. Feb. 6, 2015) (permitting email service of a foreign defendant where "emails to the [foreign defendant's] email address were sent successfully, and no 'bounceback' was received suggesting that the email

was not delivered"); ADT Sec. Servs. v. Sec. One Int'l, Inc., No. 11-CV-05149 YGR, 2012 U.S. Dist. LEXIS 116494, at *5-6 (N.D. Cal. Aug. 14, 2012) (permitting the plaintiff to use email service where the email address was listed on defendant's website and a test email to that address was not returned as undeliverable). Given this information, service of the Russian Defendants via email comports with due process.

Thus, the Court **GRANTS** Plaintiff's request to serve the Russian Defendants via email.

2. Request for Leave to Serve Frantech Via Email

Plaintiff also seeks leave to serve Frantech via email under Rule 4(f)(3) if Frantech's last known physical address turns out to be invalid and service under the Hague Convention fails.

    a. *Ripeness*

A court may not rule on an issue that involves "uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1123 (9th Cir. 2010) (quoting Richardson v. City & Cty. of Honolulu, 124 F.3d 1150, 1160 (9th Cir. 1997)). Here, Plaintiff's request for leave to serve Frantech via email is contingent upon service under the Hague Convention failing. Therefore, the Court **DENIES** this request, as it is contingent upon future events that may not occur and thus is outside of the Court's judicial authority. However, Plaintiff may bring

another motion in the event that Frantech's physical address is invalid.

   3.   Extending Service Deadline Under Rule 4(m)

Plaintiff seeks to extend the deadline for serving Defendants under Rule 4(m) due to its inability to find the Russian Defendants' physical location and the lengthy process of serving Frantech via the Hague Convention.

In this case, Plaintiff is attempting to serve Defendants under Rule 4(f). A party that executes service under Rule 4(f) is not subject to the deadline set forth in Rule 4(m). See Fed. R. Civ. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)."); see also Lucas v. Natoli, 936 F.2d 432, 432-33 (9th Cir. 1991) ("[T]he plain language of [Rule 4(m)] makes the [service deadline] inapplicable to service in a foreign country."). "Rule 4(f), in turn, stipulates the requirements for service on individuals in foreign countries." Rudolph v. UT Starcom, No. C 07-04578 SI, 2009 U.S. Dist. LEXIS 11193, at *7 (N.D. Cal. Feb. 2, 2009). Since "Rule 4(f) does not impose any specific time limits," there is no specific deadline for service of foreign defendants. Id. Thus, extending the service deadline under Rule 4(m) is unnecessary, as it does not apply to Plaintiff's attempt to serve Defendants under Rule 4(f). Therefore, the Court

1 | **DENIES** Plaintiff's Motion regarding extension of the
2 | service deadline **as MOOT**.

However, "the amount of time allowed for foreign service is not unlimited." Nylok Corp. v. Fastener World Inc., 396 F.3d 805, 807 (7th Cir. 2005). If necessary, the court may set "a reasonable time limit for service in a foreign country to properly manage a civil case." Baja Devs. LLC v. TSD Loreto Partners, NO. CV-09-756-PHX-LOA, 2009 U.S. Dist. LEXIS 83268, at *3 (D. Ariz. Aug. 28, 2009) (citation omitted).

Here, given that Plaintiff is currently in the process of serving Frantech via the Hague Convention and Plaintiff took steps to find the Russian Defendants' physical location, it is clear that Plaintiff is making a good faith effort to serve Defendants in a timely manner. See also id. at *1, *4 (setting a service deadline only after plaintiff's unexplained delays in serving the defendant). Therefore, at this time, the Court will not impose a time limit on Plaintiff's service of Defendants. However, Plaintiff should continue to use reasonable efforts to serve Defendants in a timely manner.

///
///
///
///
///
///

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion as to its request to serve the Russian Defendants by email and **DENIES** Plaintiff's Motion as to its requests to serve Frantech by email and extend the service deadline.

**IT IS SO ORDERED.**

DATED: August 21, 2018          s/ RONALD S.W. LEW

                                **HONORABLE RONALD S.W. LEW**
                                Senior U.S. District Judge