1  Christopher Gonzalez (SBN 174455)
   cgonzalez@leechtishman.com
2  Douglas H. Morseburg (SBN 126205)
3  dmorseburg@leechtishman.com
   A. Bruce Bowden, Admitted Pro Hac Vice
4  abbowden@leechtishman.com
5  Leech Tishman Fuscaldo & Lampl
   200 South Los Robles Avenue, Suite 210
6  Pasadena, CA 91101
7  Telephone No.: (626) 796-4000
   Facsimile No.: (626) 795-6321
8

9
10                **IN THE UNITED STATES DISTRICT COURT**
11                **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
12

| | |
|---|---|
| 13  SPORT LISBOA E BENFICA - FUTEBOL SAD, | Civil Action No. 2:18-cv-02978-RSWL-E<br>Hon. Ronald S.W. Lew |
| 14  PLAINTIFF, | |
| 15  VS. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR AN ORDER PERMITTING SERVICE OF PROCESS OF FRANTECH SOLUTIONS VIA EMAIL** |
| 16  JOHN DOE 1, AN UNKNOWN PERSON OR ENTITY, etc. et al. | |
| 17 | |
| 18  DEFENDANTS. | |
| 19 | |
| 20 | Hearing Date: December 11, 2018<br>Time: 10:00 a.m. |
| 21 | Judge: Hon. Ronald S.W. Lew<br>Courtroom: TBD |
| 22 | |

23
24
25
26
27
28

**PLAINTIFF'S MEMORANDUM ISO RENEWED MOTION FOR EMAIL SERVICE**

## I. INTRODUCTION

On July 4, 2018, Plaintiff submitted to this Court a motion for leave to serve summons and complaint on certain defendants located in the Russian Federation. *See* DN 45. In an abundance of caution and in the interest of judicial efficiency, Plaintiff also requested leave of Court to permit email service of Defendant FranTech Solutions in the event that the service on FranTech under the Hague Convention, which was then in progress, might fail.

On August 21, 2018, the Court issued an Order granting Plaintiff leave to serve Defendants Realistic Group LLC and Regtime Ltd. which are located in the Russian Federation by email. *See* DN 54. In that Order the Court determined that it was not possible for the Plaintiff to effect service of process upon the defendants located in Russian Federation through the Hague Convention and that service by email was reasonably calculated to provide the two Russian defendants with actual notice of the lawsuit against them. The Court denied Plaintiff's motion as to FranTech on the grounds that the Court had no authority to grant a motion contingent upon a future event. However, the Court held that Plaintiff could bring another motion in the event that service of FranTech under the Hague Convention could not be effected.

Since then, Plaintiff's counsel has received a report dated September 6, 2018 from the Canadian Central Authority ("CCA") advising Plaintiff's counsel that it was not able to effect service of the summons and complaint upon FranTech through the Hague Convention. *See* Exhibit A. According to the report, CCA attempted service at FranTech's principal place of business and was told by the occupants at the address that Francisco Dias, the principal of FranTech, was out of the country. Neither CCA nor Plaintiff's counsel has been able obtain a physical address for Mr. Dias.

Accordingly, pursuant to the Court's Order dated August 21, 2018 (DN 54), Plaintiff renews its motion for leave to serve the summons and complaint upon FranTech via email on the grounds that service of FranTech cannot be accomplished under the Hague Convention and on the further grounds that Plaintiff has satisfied the

1

**PLAINTIFF'S MEMORANDUM ISO RENEWED MOTION FOR EMAIL SERVICE**

requirements for authorization of service on FranTech via email under Fed. R. Civ. P. 4(f)(3).

## II.     ARGUMENT

### A.     The Hague Convention No Longer Applies to the Service of FranTech

Email service of a foreign defendant such as FranTech is appropriate when the defendant's physical address is unknown. *See Bank Julius Baer & Co. v. WikiLeaks*, No. C 08-00824 JSW, 2008 U.S. Dist. WL 413737, at *5 (N.D. Cal. Feb. 13, 2008). Also, where the physical address of a defendant remains unknown, the Hague Convention does not apply. The Hague Convention, Art. 1, 20 U.S.T. 361, 658 U.N.T.S. 163.

#### 1.     Plaintiff's Good Faith Efforts to Find a Physical Address for Defendant FranTech

According to the CCA report, its process server's attempts to ascertain a valid physical address for FranTech during its numerous attempts to effect service of FranTech from May 23, 2018 through September 4, 2018 proved unsuccessful. *See* Exhibit A. Since the onset of the instant case, Plaintiff's counsel has made diligent efforts to locate a physical place of business for FranTech. Choe Decl. ¶ 3. Those efforts have also been unsuccessful. *Id*.

On June 27, 2018, Plaintiff sent emails to the purported email addresses of FranTech and Mr. Dias. Those messages included the summons and complaint and other case opening documents. The email transmissions to FranTech and Mr. Dias were successful because none of the emails "bounced back." Also, Mr. Dias replied to the emails that Plaintiff's counsel sent to him expressing an interest in voluntarily resolving this case. Exhibit B.

As set forth in the accompanying declaration of Esther J. Choe at paragraphs 4 and 5, Mr. Dias provided his phone number to Plaintiff's counsel in an email dated June 28, 2018, but Plaintiff's counsel has not been able to communicate with Mr. Dias by phone. Plaintiff's counsel has left voice mail messages for Mr. Dias, but Mr. Dias has

2

**PLAINTIFF'S MEMORANDUM ISO RENEWED MOTION FOR EMAIL SERVICE**

not return any of the calls. Choe Decl. ¶ 5. Nor has Mr. Dias responded to any other email communications from Plaintiff's counsel. *Id.* Although Plaintiff's counsel has made other attempts to obtain information regarding FranTech, they have not been able to obtain any information as to whether it (FranTech) maintains a physical address. Choe Decl. ¶ 3.

Since service on FranTech cannot be accomplished because FranTech's last known address is no longer valid and a new address cannot be determined, the Hague Convention does not apply to service on FranTech. For the same reason, service by mail would not be an effective means to apprise FranTech of the pendency of the action or to afford it an opportunity to defend its interests.

  **B. Plaintiff Has Satisfied the Requirements for Authorization of Service On FranTech Via Email Under Fed. R. Civ. P. 4(f)(3)**

Where a service of process under the Hague Convention is not available, as is the case here, Rule 4(f)(3) governs service of process in foreign countries to permit service "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). One of the "other means" U.S. courts have authorized plaintiffs to utilize is email. The standard for authorizing email service upon foreign defendants is set forth in *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014, 1016-17 (9th Cir. 2002). In that case, the Ninth Circuit held that under Rule 4(f)(3) a plaintiff is required to show that (1) service is not prohibited by international agreement, and (2) the method of service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. at 1016-17. As set forth below, the standard for service by email is met here.

  **1. Service by Email Upon FranTech Located in the Canada Is Not Prohibited by International Agreement.**

Here, Plaintiff is not aware of any international agreements prohibiting service by email. Moreover, the Ninth Circuit held in *Rio Props., Inc.* that a plaintiff does not need to show that it has unsuccessfully attempted service via other methods before

email service can be approved under Rule 4(f)(3). *See* 284 F.3d at 1016. Moreover, given the difficulties in serving FranTech cited above, Plaintiff has demonstrated that email service of FranTech is at least facially permissible under Rule 4(f)(3).

### 2. Service by Email Is Reasonably Calculated to Provide Notice of This Lawsuit.

"Even if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process." *Rio Props.,* 284 F.3d at 1016. To satisfy due process, a method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Regarding service by email, the Ninth Circuit "leave[s] it to the discretion of the district court to balance the limitations of email service against its benefits in any particular case." *Rio Props.*, 284 F.3d at 1018. Here, Plaintiff has shown that service via email comports with constitutional notions of due process because it cannot locate FranTech's valid physical address, despite a good faith effort to do so, but has located valid email addresses for FranTech's founder, Mr. Dias and has communicated with him by email. *See WikiLeaks*, WL 413737, at *5 (N.D. Cal. Feb. 13, 2008) (permitting email service where a plaintiff was not able to locate foreign defendants' valid physical addresses but has located the defendants' email addresses).

Here, FranTech is engaged in providing Internet services and transact businesses predominantly through the World Wide Web using emails and other electronic means.[1] Moreover, FranTech has provided to the public the only means to contact the company, which is to send emails through FranTech's website, https://my.frantech.ca/contact.php. *See* Exhibit C.

Indeed, Plaintiff's counsel has been able to communicate with FranTech only through email. Given that there are no other viable means to contact FranTech, it is

---

[1] Plaintiff has not been able to determine what form of business FranTech is. Plaintiff believes that FranTech may be a dba of Mr. Dias.

logical to infer that email is the most likely method for FranTech to receive correspondence.  Therefore, email service of the summons and complaint on Defendant FranTech would provide a "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props*, 284 F.3d at 1016-17 (quoting *Mullane*, 339 U.S. 306, 314.).

### C.   CONCUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court enter an order allowing it to serve the summons and first amended complaint and other relevant documents on FranTech via email at the following email addresses: fdias@frantech.ca; francisco@frantech.ca; and admin@frantech.ca.

Dated: November 13, 2018         LEECH TISHMAN FUSCALDO & LAMPL

  /s/Esther J. Choe
  Esther J. Choe

Attorneys for Plaintiff Sport Lisboa e Benfica - Futebol SAD